## Davis *v.* Hillman, Appellant.

*Practice, C. P.—Statement of claim—Rule for more detailed statement—Motion for non-pros—Affidavit of defense—Question of law—Discontinuance—Discretion of court—Presumption—Act of May 14, 1915, P. L. 483.*

1. Under the Practice Act of May 14, 1915, P. L. 483, when a statement of claim is not sufficiently specific, the remedy is a rule for a more detailed narration of facts, to be followed by a motion for non-pros, if the court makes the rule absolute and its order to file a supplemental statement is not complied with.

2. If thereafter an affidavit of defense, raising a question of law, is interposed and sustained, an opportunity may be given to plaintiff to amend, if he desires additional facts considered, or the court may enter judgment for defendant.

3. Where the legal objection, which it suggests, is not upheld, then the defendant must be given a chance to set up the defense on the merits; in either case, the matter is not finally disposed of until a formal judgment is entered by the court below.

4. Ordinarily, consent to terminate an action should be preliminarily secured, but, where it is actually recorded, there is a presumption that it was approved.

5. If, on application, the court refuses to disregard a discontinuance entered without consent, it is to be presumed that the court believed the action to be proper, and, in the absence of abuse of judicial discretion, its order will be upheld.

6. Where the court enters judgment for defendant on a question of law raised by the affidavit of defense, and no appeal is taken, and subsequently, on a second suit, a statutory demurrer interposed by defendant for the same reason is sustained but no judgment entered, and plaintiff discontinues the suit without previous

consent, and thereafter the defendant, without securing the entry of a formal judgment, moves to strike off the discontinuance, the court may refuse such motion to strike off.

Argued May 20, 1924. Appeal, No. 72, Oct. T., 1924, by defendant, from order of C. P. Allegheny Co., Oct. T., 1922, No. 2956, refusing to strike off discontinuance, in case of H. A. Davis v. J. H. Hillman, Jr. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to strike off discontinuance. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.
Rule discharged. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*M. W. Acheson, Jr.*, of *Sterrett & Acheson*, for appellant.—This proceeding below was in substance (though not in form) the same as if the application had been by plaintiff for leave to discontinue: Blum Bros. v. Bank, 248 Pa. 148; Com. v. Magee, 224 Pa. 166.

A discontinuance annuls as if the action had never been brought: Com. ex rel. v. Tucker, 78 Pa. Superior Ct. 19; Summy v. Hiestand, 65 Pa. 300; Loeb v. Willis, 100 N. Y. 231.

While refusal to a plaintiff of leave to discontinue is discretionary, a defendant has a right to insist on such refusal where unjust advantage to the plaintiff would ensue from the discontinuance: Evans's Adm'r v. Clover, 1 Grant 164, 169; Hall v. Vanderpool, 156 Pa. 152; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329, 333; Bach v. Burke, 141 Pa. 649; Consolidated Nat. Bank v. McManus, 217 Pa. 190.

When a plaintiff thus takes his chances on a decision and the demurrer to his statement of claim is sustained, his discontinuing then comes too late: Kennedy v. Mc-

Nickle, 7 Phila. 217; Mechanics' Bank v. Fisher, 1 Rawle 341; Beaver v. Slane, 271 Pa. 317.

*John C. Bane,* with him *McIlvain, Murphy & Mohn, Rody P. Marshall* and *Oliver K. Eaton,* for appellee.— The question of the discontinuance of an action is in its nature discretionary and, generally, is not subject to review: Consolidated Nat. Bank v. McManus, 217 Pa. 190; Hall v. Vanderpool, 156 Pa. 152; Lamb v. Greenhouse, 59 Pa. 329.

·Opinion by Mr. Justice Sadler, July 8, 1924:

The plaintiff, Davis, entered into an agreement with Hillman, defendant, under the terms of which certain coal land in Washington County was to be acquired, and, in pursuance of the alleged understanding, bought it for the sum of $574,257.64, the necessary purchase money being advanced by the latter. It was claimed by the former that one-half of any profits which might accrue on a resale were to be paid to him. Hillman denied the existence of such an agreement, and suit was brought in 1921 to recover fifty per cent of the increase which it was averred could have been obtained by disposing of the property on a royalty· basis, the statement setting forth ·that, had the proposed lease been consummated for the amount offered, large gains would have resulted, and to a share of this sum plaintiff insisted he was entitled.

An affidavit of defense was filed, raising the legal question as to the effect of the statute of frauds, and the contention of the defendant that the alleged contract was unenforceable was upheld by the lower court, when it then ordered, "The judgment to be entered is tantamount to a judgment of compulsory nonsuit," and thereafter directed an order in favor of the defendant, from which no appeal was taken.

Later, a second suit was instituted by the plaintiff based on the same cause of action. A statutory de-

murrer was again interposed, and, after argument, on March 7, 1923, "The question of law raised by the affidavit of defense was determined in favor of the defendant." Davis then appealed to this court, but upon the advice of counsel that the decree entered was interlocutory, and not final, withdrew it. In 1924, his counsel caused a discontinuance of his suit to be filed in the court of common pleas. This was followed by a petition to strike the entry off, for the reason that it had been made without notice, and, if allowed to remain, the rights of the defendant would be jeopardized, since this action would make possible the institution of another suit for the same cause,—twice dismissed for legal reasons, as hereinbefore noted. The disputed question was heard, and the learned court below refused the relief asked, and it is from this order that the present appeal was taken by Hillman.

It will be observed that the decree rendered in the original action was not brought up for review. The same legal defense was raised later in the second case, but in the order entered in 1923, though the legal contention of the defendant is sustained, no formal judgment in his favor appears. It is true that an appeal therefrom was taken, but the order was of such character as to make consideration by this court impossible at that time: Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40, 44; Bonner v. Schmeltz, 242 Pa. 481.

Under the terms of the Practice Act of May 14, 1915, P. L. 483, when the claim filed is not sufficiently specific, the appropriate remedy is a rule for a more detailed narration of facts, to be followed by a motion for nonpros if the court makes the rule absolute and its order to file a supplemental statement is not complied with: Rhodes v. Terheyden, 272 Pa. 397. If, however, an affidavit of defense, raising a question of law, is interposed and sustained, the court may give an opportunity to the plaintiff to amend, if he desires additional matter consid-

ered or enter judgment for the defendant. A like rule also applies where the legal objection, which it suggests, is not upheld; then the defendant must be given a chance to set up his defense on the merits. In either case, the matter is not finally disposed of until a formal judgment is entered by the court below. The requisite procedure was not followed here, and all that we have on the record is the direction that the statutory demurrer filed be sustained. Had the defendant seen fit, he could have entered a rule for final judgment, which doubtless would have been made absolute, after opportunity given the plaintiff to amend, if deemed necessary, but no such course was adopted.

Later, a discontinuance was entered by plaintiff without any special leave of court, and it is from the refusal to strike it off that the present appeal is taken. Ordinarily, consent to terminate an action should be preliminarily secured, but, where it is actually recorded, there is a presumption that it was approved. If, upon application, the court refuses to disregard it, it is further to be presumed that tribunal believed the action to be proper, and, in the absence of abuse of judicial discretion, its order will be upheld. This rule was early recognized in Pennsylvania (Schuylkill Bank v. Macalester, 6 W. & S. 147), and has been followed in our later cases: Com. v. Magee (No. 1), 224 Pa. 166; Consolidated Nat. Bank v. McManus, 217 Pa. 190.

It is insisted in the present instance that the refusal works a disadvantage to the defendant, in that he may be forced to inconvenience and expense, if a third suit should be instituted, and that, the court having twice passed on and upheld the legal defense set up, no further proceeding should be permitted. This overlooks the fact that no formal judgment for the defendant was entered in the second suit, and no appeal was taken from the order in the first. Defendant had the right, under the Practice Act, to ask that this be done, and had such order been secured and remained unappealed from, the plain-

tiff would in the future have been debarred from making the same claim against the defendant. Until a formal judgment was entered the proceeding was not ended, and the right of plaintiff to terminate it by voluntary action, subject to control of the local court, remained.

It therefore follows that the discontinuance was permissible, and, though not previously authorized, yet, in effect, it was recognized in the order refusing to strike it off. We cannot say that the power lodged in the learned court below was improperly exercised. The assignments of error cannot, therefore, be sustained.

The decree entered is affirmed at the costs of appellant.