## Mitchell v. Christie. No. 2

*Emanuel Romm,* for plaintiff.
*A. A. Christie,* for defendant.

SLOANE, J., November 19, 1941.—Petitioner defendant seeks a judgment for her costs.

She removed to this court (by certiorari) an action brought against her by respondent plaintiff in Magistrate's Court No. 7. Upon the filing of the magistrate's transcript, which recited that plaintiff was present at trial but that her claim was "withdrawn for insufficient notice", petitioner defendant suggested diminution of the record on the grounds, inter alia, that it did not include either a judgment against her or a retraxit or withdrawal stated to have been filed by plaintiff. In our opinion of June 18, 1941 (41 D. & C. 582), we upheld her objection to the record and directed the magistrate to file a complete return. The magistrate thereupon filed a paper entitled "Supplemental Answer to Petition Suggesting Diminution of the Record" which denied that a judgment was entered in the matter before him and stated that the record previously returned was a complete record of the proceedings in his court.

It appears from the state of the record that plaintiff withdrew her claim and that no judgment was entered against either party. The "supplemental answer" of the magistrate was filed only because of and pursuant to our order for a complete record and, though misnamed and inartfully drawn, was accepted as a supplemental return to the writ of certiorari. It was clearly so intended. When viewed together with the original transcript and precepts, it clarifies the status of plaintiff's claim and shows that no judgment was entered upon it, for her action was voluntarily discontinued.

The answer to the petition for costs states that plaintiff appeared and withdrew the action; it is made by "petitioner, Emanuel Romm, Esq., attorney for Eva Mosley Mitchell, plaintiff". The answer is inadequate.

Statutory warrant for the allowance of costs must exist: Novy et al. v. Novy et al., 324 Pa. 362 (1936) ; Hoedt v. Hoedt, 60 Pa. Superior Ct. 5 (1915) ; 15 Standard Pa. Practice (1939) 449. It does exist here.

The statutes dealing with costs in magistrates' proceedings do not supply the required right in this case. No judgment, upon the reversal of which in these certiorari proceedings a judgment for defendant would carry costs (Act of May 11, 1901, P. L. 164, sec. 1, 42 PS §960), was entered in the action before the magistrate. Nor did the magistrate enter a nonsuit, and the statutory costs chargeable by him in the event of a nonsuit [1] were not imposed upon plaintiff.

But plaintiff did withdraw or discontinue her action and the Statute of 8 Elizabeth, Ch. II, sec. 2,[2] author-

---

[1] Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 6, 42 PS §471: ". . . in case the plaintiff does not appear . . . to substantiate his charge, the justice may then . . . give judgment against him by nonsuit for the costs, and fifty cents per day for the reasonable costs of the defendant, for his trouble in attending such suit."

[2] 2 Eng. Stat. at L. (1763) 571: ". . . when . . . any person . . . shall sue forth . . . any of the Writs or Process . . . [in "Debt, Trespass, and other personal Actions and suits"] against any

izes the allowance of costs to a defendant upon the discontinuance of an action by the plaintiff. This statute is in force in our Commonwealth: Report of Judges of the Supreme Court to the General Assembly of Pennsylvania, 3 Binn. 595, 621 (1808); Griffiths v. Stadtmuller, 9 W. N. C. 348 (1880); and it is established that a plaintiff discontinuing an action must pay costs. The discontinuance of a suit pending before a justice of the peace "means no more than a declaration of the plaintiff's willingness to stop the pending action. It is neither an adjudication of his cause by the proper tribunal, nor an acknowledgment by himself that his claim is not well founded. It *implies* a judgment for costs, on which execution may issue": Gibson v. Gibson, 20 Pa. 9, 11 (1852), Black, C. J. See also La Touche v. Rowland, 12 W. N. C. 384 (1882), Hamilton v. Hamilton, 10 Pa. C. C. 255 (1891), and Payne v. Grant, 7 W. N. C. 406 (1879).

The instant case presents a situation where plaintiff instituted an action against petitioner defendant and, although plaintiff withdrew her claim, no discontinuance or nonsuit was properly recorded, and these certiorari proceedings were taken to secure a definitive record. Defendant petitioner was put to expense and effort to secure such record. It being ascertained by certiorari that a discontinuance has been effected, petitioner defendant is entitled to her costs, not only any incurred in the magistrate's court, but those spent in this court to establish the fact of the discontinuance.

---

Person or Persons which . . . shall appear upon the Return of any of the said Writs or Process . . . then . . . if the party or parties at whose Suit . . . the . . . Writ . . . or Process was obtained or sued forth . . . shall after Declaration so had, suffer the same Suit to be discontinued, or otherwise shall be nonsuit in the same, . . . the Judges . . . shall . . . award and judge to every such Person and Persons so . . . vexed, molested or troubled by such Writs or Suit, his and their Costs, Damages and Charges by any means sustained by occasion of any such Writs, Process, Arrests or Suits, . . . to be paid by such Person or Persons that so doth or shall cause or procure any such Writs or Process to be sued forth . . ."

Judgment is entered for petitioner defendant for her costs, the amount of which is to be determined by taxation of a bill of costs by the prothonotary in the usual manner. See Rule 148; 15 Standard Pa. Practice (1939), 524.