## Keeler v. Beam Enterprises, Inc.

*Furst, McCormick, Lynn, Reeder & Nichols,* for plaintiffs.

*Candor, Youngman, Gibson & Gault,* for defendants.

GREEVY, P. J., November 10, 1969.—This matter is before the court on defendants' rule to show cause why plaintiffs' discontinuance should not be stricken from the record.

Plaintiffs, except Joseph F. Randello, are the owners of lots on a subdivision in Loyalsock Town-

ship, Lycoming County, known as Maddon Heights. The majority of plaintiffs occupy single-family dwelling houses on their lots, and all take the position that the area shown on the subdivision plan is restricted to that type of structure.

John B. Gibbons, on behalf of defendant, Beam Enterprises, Inc. (hereinafter referred to as "Beam") obtained a permit on March 25, 1969, to build apartment houses on a 5.15 acre tract of land allegedly in Maddon Heights.

By deed dated April 18, 1969, defendant Maddon conveyed the 5.15 acres to Beam. Beam made certain expenditures and commenced construction of the apartment houses. On April 16, 1969, counsel for plaintiffs had sent a letter to Gibbons stating that if construction was commenced, plaintiffs would seek injunctive relief. Plaintiffs filed a summons in equity against defendants on April 21, 1969. The Supervisors of Loyalsock Township revoked defendants' permit to build on the 5.15 acres on April 26, 1969.

Thereafter, on August 15, 1969, plaintiffs voluntarily discontinued their equity action as to all defendants pursuant to Pa. R. C. P. 229. Defendants secured a rule to show cause why the discontinuance should not be stricken from the record. A hearing was held before the court and this matter is now ready for disposition.

## DISCUSSION

We are concerned with two sections of Pa. R. C. P. 229 (rule applicable to equity actions, Pa. R. C. P. 250), namely:

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

"(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the

rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

The application of Pa. R. C. P. 229(c) is by its very language within the discretion of the court. See Brown v. T. W. Phillips Gas and Oil Company, 365 Pa. 155 (1950).

Plaintiffs' reasons for discontinuing their equity action are legally sufficient in several respects.

Plaintiffs, through their counsel, informed Beam by letter of their objections to the proposed building plans shortly after the permit was granted and the land was purchased. They stressed their personal interest in maintaining the physical uniformity of their neighborhood buildings and stated that an injunction would be sought if defendant commenced construction.

This equity suit was started by issuance of a summons the week before the supervisors revoked defendants' permit to build. Defendants ruled plaintiffs to file a complaint, which rule plaintiffs resisted. A hearing was held on the rule, and on June 3, 1969, plaintiffs filed a complaint.

The court recognizes that plaintiffs' objective of preventing construction was achieved adequately through the revocation of the permit, and not through the issuing of the summons or subsequent filing of the complaint. No further legal benefit can be served by the court striking off the discontinuance and requiring plaintiffs to proceed when this case has become moot for plaintiffs' intent and purpose in commencing the suit.

We must deal now with defendants' contention that unless the discontinuance is stricken, the question of possible building restrictions will go unanswered. Also, defendants allege that they are being subject to unreasonable inconvenience, vexation, harassment, expense and prejudice, as set forth in Pa. R. C. P. 229(c).

Plaintiffs' original purpose in writing to defendants and in issuing the summons in equity was to prevent the erection of the apartment houses on the subject land. The complaint was based upon restrictions that plaintiffs alleged prevented the construction of apartment buildings as set forth in defendants' plans.

However, plaintiffs' purpose is now adequately subserved by the subsequent action of the township authorities in revoking the permit, denying Beam's appeal from the revocation and enacting a new set of ordinances. Defendants admit that their building plans will have to be altered to conform with the new ordinances. Perhaps the revised plans will meet with present plaintiffs' approval. In any case, it would be inequitable to require plaintiffs to proceed with their injunction suit in the light of the subsequent roadblocks that confront defendants. The court, in effect, would be issuing an advisory opinion on the presence and / or comprehensiveness of any building restrictions in the chain of title. This the court will not do in this case.

Even if no restrictions exist, Beam could not build because of the lack of a valid permit and the new ordinances.

Defendants' contentions under rule 229(c) are also without merit. There is no semblance of vexation or harassment, and any inconvenience is caused primarily by the revocation of the permit and the new ordinances. Even the right to appeal to the Lycoming County courts on the supervisors' decision was not availed of by defendants.

The expenses incurred were not unreasonable to either party in view of the action taken by the township authorities and the legal questions involved in this case. The majority of the expenses cited by defendants were expended in securing the land and after they knew of plaintiffs' objections.

Any prejudice encountered by defendants is a di-

rect result of the revocation of the building permit, and is not an outgrowth of the discontinuance of this suit. The question of prejudice to defendants as it involves the possible existence of any building restrictions has been discussed previously.

Therefore, the fact that defendants will have to revise their building plans to satisfy any building restrictions or changes in the zoning ordinances does not constitute deprivation of a substantial right, nor is there a sufficient indication of prejudice or inequity to justify making absolute the rule to strike off the discontinuance. See Baumhaft v. New York Underwriters Insurance Co., 52 Luz. 290 (1962).

Accordingly, we enter the following

## ORDER

And now, November 10, 1969, it is ordered and directed, that the rule to show cause why the discontinuance entered by the prothonotary at the direction of plaintiffs on August 15, 1969, should not be stricken is hereby discharged. Each party to pay their own costs.