COFFROTH, P. J.,
— This case is here on two petitions:
1. Defendant wife’s petition to strike off plaintiff husband’s discontinuance of this divorce action; and
2. Plaintiff husband’s petition to strike off a judgment entered against him by defendant wife for unpaid alimony.
On February 23, 1970, we granted defendant’s petition for alimony pendente lite and ordered payment of $45 monthly in addition to the contribution of $60 monthly being made for the support of one child.
On July 27, 1970, plaintiff discontinued the action “without prejudice” by praecipe to the prothonotary. On August 17, 1970, defendant petitioned to strike off the discontinuance.
On February 3, 1971, defendant entered judgment against plaintiff for $90, unpaid alimony for the months December, 1970 and January, 1971; and on February 19, 1971, plaintiff petitioned to strike off judgment.
*769 At the hearing the parties did not appear and no testimony was taken, but counsel agreed that following the discontinuance plaintiff went to Nevada and filed a divorce complaint in Washoe County on August 14, 1970, and that a divorce decree was later obtained there. Counsel for defendant asserts that plaintiff discontinued for the purpose of filing the Nevada action although plaintiff is still a resident of Pennsylvania, that defendant will be put to “additional and unreasonable inconvenience, vexation, harassment, expense and prejudice” and that she would lose her investment in this action if the discontinuance is allowed. Counsel for defendant states that the purpose of the discontinuance was not to file in Nevada, but to obtain the cost refund; that since the Nevada decree has not been pleaded or in any way asserted here and since no master has been appointed and no hearing held defendant is not prejudiced; and that defendant improperly seeks to use the alimony decree as a support order.
NATURE OF DISCONTINUANCE
As at common law, a discontinuance means no more than a declaration of plaintiff’s willingness to stop the action. It is not an adjudication of his cause, nor an acknowledgement that he has no cause of action: Gibson v. Gibson, 20 Pa. 9 (Black, C. J.); Snyder v. Snyder, 19 D. & C. 125; Goodrich-Amram, Section 229-2.
The discontinuance is not of right but requires leave of court: Beaver v. Slane 271 Pa. 317; but in Pennsylvania the universal practice is to enter the discontinuance without leave, and to presume leave subject always to the power of the court to strike off the discontinuance whenever shown to be inequitable or prejudicial to the defendant: Bausewine v. Norristown, 351 Pa. 634; Shapiro v. Philadelphia, 306 Pa. 216; Commonwealth v. Magee, 224 Pa. 166; Commonwealth v. Tucker, 78 Pa. Superior Ct. 19. Thus, a *770 plaintiff has the option of seeking prior leave or of entering the discontinuance of record on his own motion without leave, but subject always to the control of the court on a motion or petition by defendant to strike off for prejudice. These are alternative methods of reaching the same result. In either case the court always determines on equitable grounds whether permission to discontinue should be granted. The court applies exactly the same principles in determining the propriety of the discontinuance whether plaintiff asks for prior leave or not: 1 GoodrichAmram, Section 229 (c)-l, page 156. Moreover, if leave to discontinue has been improvidently granted the discontinuance may be later stricken if challenged: Rabuck v. Rabuck, 54 D. & C. 276. As to the third party effect of a recorded discontinuance on the basis of presumed leave, see Lindsay v. Dutton, 217 Pa. 148, 149; compare Eichert Estate, 155 Pa. 59 and Sherwood v. Yeomans, 98 Ra. 453, 456.
Since a discontinuance does not adjudicate any part of the subject matter of the action, it is not res judicata and is no bar to a subsequent action on the same cause of action: Gibson v. Gibson, supra.
In divorce cases, however, the lower courts have refused to presume leave to discontinue, requiring express prior leave of court after notice and hearing in order to discontinue a divorce case: Geiger v. Geiger, 54 D. & C. 557; Sellers v. Sellers, 25 D. & C. 77. We find no appellate decision announcing this rule, but it has been applied in this court in Mull v. Mull, 14 Somerset 192 (Boose, P. J.). The distinction between divorce cases and other civil actions in this regard is based on the notion that divorce is affected with the public interest which requires stricter supervision of its proceedings.
*771 Discontinuances are now governed by Pa. R. C. P. 229 which provides as follows:
“(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.
“(b) A discontinuance may not be entered as to less than all defendants without leave of court after notice to ah parties.
“(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.”
The rule makes some notable changes in the common law practice (see 1 Goodiich-Amram, Section 229-1:)
1. It eliminates all procedures other than discontinuance for termination before trial, such as retraxit and nolle prosequi;
2. It limits the discontinuance to use before trial;
3. It limits the voluntary nonsuit to use during trial;
4. It prohibits a discontinuance as to less than all defendants without leave of court after notice.
Since the rule singles out the case of a discontinuance as to less than all defendants as the only instance requiring prior leave of court, the inference is that in all other cases, including divorce, such prior leave is not required, thus changing the prior practice. This inference is reinforced by the fact that, as pointed out in the Committee’s Note to Rule 229, prior court approval must be obtained where it is expressly required by other rules: where a minor is a party, (2039 a and 2206a), where an incompetent is a party (2064; Lauterbach v. Lauterbach, 202 Pa. Superior 260), and in class actions (2230b); Rule 2231 (e) also places special limits on a discontinuance where defendants primarily and secón *772 darily liable are joined. Yet the divorce rules contain no such requirement for prior court approval and state expressly that the procedure in divorce shall, unless otherwise provided in the divorce rules, “be in accordance with the rules relating to assumpsit.”
But the authors of Goodrich-Amram say that the former discontinuance practice in divorce requiring express prior leave of court, will continue under the new Rule 229 “since it is in no way inconsistent with these rules. Particularly is this true because of the ‘substantive’ right of the Commonwealth, as the so-called third party, in divorce suits.” Apparently most lower courts are going along with the old practice; yet, when there is a motion to strike a divorce discontinuance entered without leave, instead of striking it off for that reason, inquiry is made into the fairness of the discontinuance just as is done in any other civil case whether prior leave was obtained or not. Therefore it does not appear that discontinuances in divorce are being treated any differently than in other types of civil cases.
In Elliott v. Elliott, 30 D. & C. 2d 533, the court rejected the reasoning of Goodrich-Amram and the prior practice, and held that Rule 229 puts divorce cases on an equal plane with other civil actions. In response, Goodrich-Amram comments, Section 229-8, 1971 Supplement: “It is not clear from the Court’s opinion how the ‘public interest’ of the Commonwealth in divorce actions is eliminated by the language of the rules.”
We agree with Elliott, not only because of the language of the rules above cited, but because the public interest is not specially involved in a divorce discontinuance any more than in the discontinuance of the usual type of civil action. The public interest is involved to a degree in every lawsuit. See Vivian v. Renaldo, 364 C. D. 1970. The concept of the Common *773 wealth as third party in divorce actions was developed as a barrier to collusion and to dissolution of marriage for improper causes: Hall v. Hall, 122 Pa. Superior Ct. 242; Smith v. Smith, 112 Pa. Superior Ct. 210; English v. English, 19 Pa. Superior 586, 598. The law favors continuance of the marriage, not divorce: Mathiot Estate, 243 Pa. 375. The doctrine of the Commonwealth as third party is unrelated to terminating divorce cases; there is no policy of encouraging the continuation of divorce litigation. Divorce is not the kind of case which ought necessarily in the public interest go on despite the desire of the party filing it, as is the case with some civil matters. See Mercersburg School District, 237 Pa. 368 and In Re Wilhelm, 104 Pa. Superior Ct. 479. The public interest is adequately protected by court supervision and control over the granting of divorce decrees.
Accordingly, under Rule 229, we conclude that a discontinuance may be entered in a divorce case unilaterally on praecipe of plaintiff upon a presumption of leave as in any other civil case, and we would therefore not strike this one simply for lack of such leave and without inquiring into the merits of its propriety.
THE VOLUNTARY NONSUIT COMPARED
The similarity of the discontinuance to the voluntary nonsuit should be noted: both terminate the action, and neither is res judicata nor a bar to a subsequent suit. Rule 231(a); Goodrich-Amram, Section 230-3. There are these differences: the voluntary nonsuit may be made only during trial and before the close of the testimony; if done before resting his case, plaintiff may have a nonsuit as a matter of right but if done later only by leave of court: Rule 230. It has been held under this rule that a hearing before a master in divorce is a “trial” and therefore a discontinuance is improper after the hear *774 ings begin: Deigan v. Deigan 210 Pa. Superior Ct. 240. It is not entirely clear why a voluntary nonsuit during plaintiff’s case at trial should be a matter of right which cannot be defeated by any showing of prejudice, whereas a discontinuance before trial is not of right; but the distinction is well established judicially. Ordinarily plaintiff after going to trial may promptly take a voluntary nonsuit which terminates the action beyond the control of defendant or of the court: Felts v. Delaware, 170 Pa. 432, irrespective of any resulting inequity to defendant. Under Rule 229, the discontinuance may be refused or stricken “in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.” Yet a timely voluntary nonsuit cannot be denied on any such ground.
DISCONTINUANCE TO BEGIN ANOTHER ACTION
Although plaintiff is not barred, after discontinuance, from beginning a new action against the same defendant upon the same cause of action, it is precisely such a second action which brings the discontinuance into question here. It is plain that the purpose of the discontinuance was not only to retrieve plaintiff’s deposited cost money, but to clear the Somerset County record so that he might seek a divorce in Nevada, and we so find; we infer that purpose from the order and timing of defendant’s actions. Whether the Nevada court had jurisdiction to make a decree in this case is unknown to us and plaintiff has not pleaded that decree in support of either his discontinuance nor his petition to strike the alimony judgment; consequently the validity of that decree is not before us. In fact, in this case the material fact is not the Nevada decree but rather the discontinuance in Pennsylvania for the purpose of filing the Nevada action; whether that action is pending or concluded is immaterial in this record.
*775 The general rule has been stated to be that “the fact that plaintiff intends to institute, or institutes another suit on the same cause of action is not a sufficient ground for a denial of his motion to discontinue the action. . . 27 CJS, Dismissal and Nonsuit, Section 26, page 357. The same text goes on to state, however, that the contrary has been held, citing Pennsylvania authority. Whatever may be the prevailing rule elsewhere, it was early established in Pennsylvania that:
“Whenever, therefore, it appears a party discontinues one suit, for the purpose, merely, of instituting another for the same cause of action elsewhere, the court, on motion, will set aside the discontinuance, and reinstate the former suit, and subject the party to the consequences of his own acts”: Mechanics Bank v. Fisher, 1 Rawle, 341, 347 (1829).
This statement was quoted with approval in Brown v. Phillips, 365 Pa. 155,159 (1950), and its principle has been generally.applied in the Pennsylvania decisions. Those cases show a consistent pattern. The court in Leibowitz v. Platt, 43 D. & C. 2d, 225, 230, correctly outlined that pattern:
“In all of the reported decisions on the subject which we have examined, we have observed that where the discontinuance was allowed or upheld, a substantial and legitimate reason was shown for the entry of the discontinuance and the institution of the second suit.”
It appears that a discontinuance without more is presumptively valid; but a discontinuance for the purpose of initiating a second suit is, without more, presumptively invalid. This has been the holding whether the second action is filed in the same court, Rabuck v. Rabuck, supra, or in another Pennsylvania county, Keiser v. Keiser, 4 D. & C. 2d 65, or in another State, LeFever v. LeFever, 30 D. & C. 2d 553, or in a Federal court, Brown v. Phillips, supra. On the other hand, *776 where a legitimate reason for the second action appears, the discontinuance is approved: Pesta v. Barron, 185 Pa. Superior Ct. 323; Caimaichelo v. Pinkston 41 D. & C. 2d 727; Snyder v. Snyder, supra. In this case plaintiff has not attempted to explain or justify nor even to rely upon his Nevada divorce action, which suggests that he did merely what many divorce plaintiffs do: filed his action here at the matrimonial domicile to test defendant’s resistance; finding it firm, and faced with an unpalatable alimony order requiring him to contribute to his wife’s maintenance which he undoubtedly regards as unjust in his view of the marital controversy, which has never been adjudicated here, he concluded that he would have a better chance elsewhere, particularly in a distant and liberal “quickie” divorce state, where defendant is likely to find it difficult to resist him. Of course if the Nevada decree were shown to be valid, plaintiff would necessarily succeed here: Harrison v. Harrison, 183 Pa. Superior Ct. 562.
If plaintiff had some discernible legitimate cause for going west to sue, we would not place too much emphasis on the differences in substantive and procedural divorce law as between Pennsylvania and Nevada, nor upon the practical burdens imposed upon defendant by the distance involved, compare Delaware v. Ashelma, 300 Pa. 291; but in the absence of such a showing these latter considerations loom large and are in fact vexatious and prejudicial to defendant. Under the circumstances we must strike the discontinuance.
Although the situation here differs factually from the case of concurrent duplicate actions, similar policy considerations are involved: Renaldo v. Vivian, supra. There we held that the filing of a local trespass action, concurrent with a Federal action, was justified because of Federal jurisdictional uncertainties, and we allowed the prompt discontinuance of the local *777 action after the Federal court took jurisdiction. In McSherry v. Erving, 25 Somerset 81, we allowed a discontinuance against one of several defendants where no subsequent action was contemplated.
Courts abhor “forum shopping”: Lauterbach v. Lauterbach, supra, at page 262; see also concurring opinion in Monihan v. Monihan, 438 Pa. 380 at page 386. It implies plaintiff’s belief that justice is unavailable to him in the first forum. Accordingly, the foreign action may be disapproved to “protect the jurisdiction” and the integrity of the local court, apart from prejudice to any party: Wenz v. Wenz, 400 Pa. 397.
In practical terms, striking this discontinuance will not affect the Nevada Court in proceeding with its case, nor the validity of its decree: 27 CJS, Divorce, Section 230. Nor can we force plaintiff to trial in the local action: Felts v. Delaware, supra; Elliott v. Elliott, supra, page 542. Plaintiff’s failure to proceed to trial when called may cost him a nonsuit, but it bears the characteristics of a voluntary nonsuit and does not bar a later action under Rule 231 (b): 1 Goodrich-Amram, Section 231 (b)-b and -6. The chief practical consequence of striking the discontinuance here is that the alimony order will continue in effect; apart from the question whether a discontinuance impliedly terminates an order for alimony pendente lite, compare Commonwealth v. DiDonato, 156 Pa. Superior Ct. 385, which we need not here decide, it is certain that the order continues in effect when the discontinuance is stricken, because the litigation is still pending. Since plaintiff is not presently disposed to prosecute this case, the alimony order is not strictly necessary to enable defendant to maintain the action and defendant is thus permitted, as counsel for plaintiff says, to use it as a support order. But there is no real objection to that; it is in substance a support order because it ful *778 fills plaintiff’s support obligation to his wife, despite the technical differences between alimony and support, as we pointed out when this case was here before: 25 Somerset 41; were we to vacate the alimony order defendant would simply be relegated to seeking a support order to accomplish substantially the same objective. That too would be prejudicial to defendant.
Accordingly, we will “subject the party to the consequences of his own acts,” whatever they may be.
As to the judgment for alimony, it is authorized by the Divorce Law as amended, 23 P. S. 46, and no other question as to its propriety has been raised.
ORDER
Now, July 22, 1971, the rule to strike off the discontinuance is made absolute and the discontinuance is stricken off. Plaintiff’s petition to strike off the alimony judgment is denied. Costs on plaintiff.