## Hurtt v. Ward

*Joseph Mitinger* and *William C. Hurtt,* for plaintiff.

*Stuart J. Horner, Jr.,* for defendant.

*W. M. Miller, Jr.,* for Garnishee

SCULCO, J., August 12, 1974.—This matter is before the court en banc on defendant's, Martha Woodruff Ward, petition and rule to show cause why plaintiff's discontinuance entered in this matter should not be stricken.

A brief review of the pertinent facts is as follows:

On June 12, 1973, plaintiff entered his appearance and filed a complaint in foreign attachment. Plaintiff based his action upon the alleged facts that on or about April 13, 1972, defendant Ward did orally retain and employ plaintiff to represent her in all matters relating to the estate of her late husband.

Plaintiff undertook to represent and advise defendant Ward in various matters relating to the said estate and in the course of same expended approximately 46 hours of time.

On or about February 23, 1973, defendant Ward advised Mellon Bank, N. A., co-executor of the estate of defendant Ward's deceased husband, that plaintiff no longer represented her; plaintiff subsequently submitted his resignation as counsel and also submitted a fee for services rendered to that date.

In addition to his fee for his services, plaintiff incurred certain expenses, bringing the total amount due him to $1,831.61. Although requested to do so, defendant Ward has refused to pay plaintiff, and plaintiff brought this action for the total amount of $1,831.61, plus interest from February 23, 1973.

On July 9, 1973, garnishee defendant, Mellon Bank, N. A., submitted its report.

On July 23, 1973, defendant Ward filed preliminary objections in the nature of a petition raising question of jurisdiction stating, inter alia, that the complaint failed to allege not only that defendant is a nonresident of the Commonwealth of Pennsylvania; and defendant owns property in the Commonwealth; but also that the praecipe requests that the writ attach property which defendant did not own and in which the garnishee had no interest as of the date of service on the real estate; and the attachment is invalid as to

all investment securities held therein, which are immune as not physically seized.

On September 18, 1973, garnishee defendant, Mellon Bank, N. A., petitioned the court for, and did receive, a release of part of the attached property.

On October 3, 1973, plaintiff did file a praecipe for discontinuance of the matter and did enter on the docket that this case was discontinued by plaintiff. Plaintiff followed the discontinuance of the Westmoreland County case with commencement of a similar action in Allegheny County, Pennsylvania, at January term, 1974, no. 4.

Defendant Ward on October 12, 1973, filed in the courts of Westmoreland County, a petition for rule to show cause why the discontinuance entered October 3, 1973, should not be stricken and advanced in support of said petition, inter alia, the following:

"The defendant believes, and therefore avers, that the aforesaid discontinuance subjects her to unreasonable inconvenience, vexation, harassment, expense and prejudice . . ."

On November 8, 1973, plaintiff answered defendant Ward's petition and admitted various allegations within said petition but denied that this action did cause defendant Ward unreasonable inconvenience, vexation, harassment, expense and prejudice.

Plaintiff set forth new matter in which he contended that defendant argued in her preliminary objections that the court is without jurisdiction and prayed that this court dismiss plaintiff's complaint and dissolve the action, that defendant Ward's brief supports the position that no property of defendant is effectively attached, and that the writ should be dissolved and the cause dismissed.

Plaintiff further contends that even though on

October 1, 1973, he advised counsel for defendant that plaintiff would not appear to contest preliminary objections and that a new proceeding would be entered into in Allegheny County, counsel for defendant continued the Westmoreland County case to the next argument list.

Defendant Ward subsequently filed amended preliminary objections withdrawing her objections as to jurisdiction and advanced an argument that a necessary party had not been joined as a party-plaintiff in this matter.

The sole issue presented to this court is as follows:

Has the discontinuance of this suit in Westmoreland County and the subsequent institution of a similar suit in Allegheny County caused defendant unreasonable inconvenience, vexation, harassment, expense and prejudice?

Pennsylvania Rule of Civil Procedure 229, titled "Discontinuance," sets forth the following:

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

"(b) . . .

"(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Adopted September 30, 1949, effective April 1, 1950.

A review of the record in this matter indicates that defendant Ward originally requested this court to dismiss plaintiff's complaint due to the court's absence of jurisdiction over the matter. Plaintiff, instead of arguing the matter before the court en banc of Westmoreland County, acceded to defendant's prayer and voluntarily discontinued the action.

The mere fact that defendant may be subjected to a second action after a discontinuance of the first action is not such prejudice as bars the discontinuance of the first. See Baumhaft v. New York Underwriters Insurance Co., 52 Luz. 290 (1962).

The case of Brown v. T. W. Phillips Gas and Oil Co., 365 Pa. 155 (1950), which is relied upon by defendant Ward, is distinguishable from the instant matter.

In the Brown case, the plaintiffs filed an original and an amended complaint to each of which the defendant filed an answer. The case was set for trial upon the issues and in order to escape an involuntary nonsuit, plaintiffs moved for withdrawal of a juror and counsel for defendant did not object. Thereafter, plaintiffs filed a second amended complaint which was met by defendant's filing preliminary objections and counsel for both sides agreed to permit plaintiffs to file a third amended complaint. Upon plaintiffs filing a third amended complaint, defendant again filed preliminary objections. The matter came for argument in the court and by agreement of counsel for the respective parties, again sustained defendant's preliminary objections and granted plaintiffs permission " 'to file their fourth amended Complaint within a period of twenty days from the date hereof.' "

Instead of filing a fourth amended complaint, plaintiffs instituted suit on the same cause of action in the Court of the United States for the Western District of Pennsylvania.

One day after the expiration of the 20-day period allowed by the court for plaintiffs to file their fourth amended complaint, plaintiffs filed a motion in the court below for leave to discontinue the suit. The lower court did, in part, grant plaintiffs leave to dis-

continue even though defendant strongly objected. The appellate court held, inter alia, on page 158:

"By no means should the court below have permitted the plaintiffs to discontinue the action, over the defendant's objection, *after the extent of the litigation to which they had subjected the defendant* in a competent and convenient jurisdiction which they voluntarily invoked. The plaintiffs virtually broke faith with the court by not filing the fourth amended complaint after leave therefor had been granted." (Emphasis supplied.)

Plaintiffs reliance on the case of Abrasonis et ux v. Gilberton Coal Co., 55 Schuyl. 139 (1959), is ill-founded.

In Abrasonis, the sole question involved was "where plaintiffs filed a complaint in this court against defendant, to which complaint preliminary objections were filed, and the court sustained the preliminary objections in part and allowed plaintiffs twenty (20) days, in which to file an amended complaint, and plaintiffs thereafter without leave of court or notice to defendant, discontinued the action in Schuylkill County and commences a new suit against defendant on the same cause of action in Luzerne County, should this court, on petition of defendant, strike off the discontinuance."

Judge Staudenmeier, at page 141, based his decision to strike the discontinuance on the following language extracted from Brown et ux. v. T. W. Phillips Gas and Oil Co., 365 Pa. 155 (1950):

" 'Whenever, therefore, it appears a party discontinues one suit, for the purpose, merely, of instituting another for the same cause of action elsewhere, the court, on motion, will set aside the discontinuance, and reinstate the former suit, and subject the party to the consequences of his own acts.' The only reason for the discontinuance apparent to the court below in the

instant case was that the plaintiffs 'no longer desire to remain here',—certainly not a legally sufficient reason especially if the inconvenience and annoyance to the other party be considered."

Scrutinization of the instant matter clearly distinguishes the facts present herein from the facts present in the defendant's cases. Furthermore, this court is of the opinion that the discontinuance of the matter in Westmoreland County does not impose upon defendant Ward unreasonable inconvenience, vexation, harassment, expense or prejudice. Consequently, this court enters the following:

## ORDER OF COURT

And now, to wit, August 12, 1974, after due and careful consideration of the pleadings, record, briefs, and arguments submitted in this matter, it is hereby ordered, adjudged and decreed that plaintiff's discontinuance of the instant matter in the courts of Westmoreland County causes no unreasonable inconvenience, vexation, harassment, expense or prejudice to defendant Ward, and, consequently, the rule to show cause be and the same hereby is discharged and plaintiff's discontinuance of this matter in Westmoreland County be and the same hereby is made absolute.