**Vroom v. SmithKline Beecham Corp.**

C.P. of Philadelphia County, June Term 2000, no. 01138.

*Stephen Sheller,* for plaintiff.
*Arthur Makadon* and *Leslie E. John,* for defendant.

McINERNEY, *J.,* May 7, 2001—Defendant Smith-Kline Beecham Corporation appeals from this court's refusal to strike off plaintiff's voluntary discontinuance.

On June 12, 2000, plaintiff Nancy Vroom commenced this action by filing a complaint.[1] The complaint alleged that the plaintiff was injured in various ways by a Lyme disease vaccine manufactured by defendant SmithKline Beecham Corporation. Included with Vroom's complaint was a civil trial sheet on which the plaintiff checked a box marked "non-jury." As a result, Vroom was deemed to have waived her right to a jury trial, and the case was listed in the major non-jury trials program.

After SB had answered the complaint and asserted new matter defenses, and Vroom had replied to the new matter, but before discovery had closed, on November 17, 2000, Vroom voluntarily discontinued this action. Three days later, on November 20, 2000, the plaintiff instituted a new suit against the same defendant on the same cause of action. In the new action, Vroom elected to proceed before a jury. Vroom followed this procedure because

---

1. Three companion actions were filed by other plaintiffs. The companion actions share the same procedural posture as the present case, and are also before the Superior Court on appeal. Those appeals are docketed at 477 EDA 2001, 478 EDA 2001, and 480 EDA 2001.

SB refused to agree to allowing Vroom to demand a jury trial in the first action. Other than the jury trial demand, in all other material respects the first and second actions were identical.

On December 5, 2000, SB petitioned pursuant to Pa.R.C.P. 229(c) to strike the discontinuance. Vroom responded to the petition, and on January 19, 2001, this court refused the petition. On February 5, 2001, SB timely filed a notice of appeal. In response to this court's order pursuant to Pa.R.A.P. 1925(b), on February 12, 2001, SB filed a concise statement of matters complained of on appeal. Its 1925(b) statement alleges that this court erred by failing to strike the discontinuance.

Rule 229(c) of the Pennsylvania Rules of Civil Procedure provides that a court may strike off a discontinuance to protect a party from "unreasonable inconvenience, vexation, harassment, expense or prejudice." Pa.R.C.P. 229(c); see *Fancsali v. University Health Center of Pittsburgh,* 563 Pa. 439, 761 A.2d 1159, 1162 (2000). In deciding whether a party has been prejudiced by a discontinuance, courts examine, among other things, the length of time the case had been pending, the effort and expense those parties incurred in discovery, and the disadvantage imposed by the passage of additional time. See *Truesdale by Truesdale v. Albert Einstein Medical Center,* 767 A.2d 1060, 1063 (Pa. Super. 2001). A ruling on a petition to strike a discontinuance will not be reversed absent an abuse of discretion. See *Fancsali,* 761 A.2d at 1162.

In *Fancsali,* our Supreme Court was called upon to decide whether the trial court improperly denied the plain-

tiffs' petition to discontinue their minor daughter's action without prejudice. *Fancsali,* 761 A.2d at 1161. Because a minor child was a party in *Fancsali,* Rule 2039 required the court's permission to discontinue the action. *Id.,* 761 A.2d at 1162; Pa.R.C.P. 2039. The court reversed the trial court, and opined that regardless whether the court is faced with a petition to discontinue an action or to strike a discontinuance, the analysis remains the same. *Id.,* 761 A.2d at 1162. In either case, the question at bottom is whether the plaintiff has obtained "some unjust disadvantage to the defendant or some other interested party . . . ." *Id.,* 761 A.2d at 1162, quoting *Consolidated National Bank v. McManus,* 217 Pa. 190, 191-92, 66 A. 250, 250 (1907).

The *Fancsali* court further admonished the courts below for having viewed as dispositive the fact that the defendants would be subject to suit for some 12 years. *Id.,* 761 A.2d at 1163, 1164, n.6. The Minority Tolling Statute, 42 Pa.C.S. §5533(b), permitted the plaintiffs to file suit until July 16, 2010. *Id.,* 761 A.2d at 1164. Justice Zappala, writing for the court, explained that where the statute of limitations permitted the plaintiff to reinstitute suit, the possibility that the plaintiff could yet sue for years to come was not a proper consideration. *Id.,* 761 A.2d at 1163. Rather than being contrary to the purpose of statutes of limitation, the Minority Tolling Statute was part and parcel of the statute of limitations. As such, the delay it occasioned could not be contrary to the purpose of the limitations statutes. *Id.,* 761 A.2d at 1164 n.6. Justice Zappala also pointed out that Pa.R.C.P. 231(a) similarly allows a plaintiff after a discontinuance, upon payment of the costs of the first action, to commence a second action upon the same cause of action. "Far from

being . . . prejudicial, [the possibility of a second suit] is expressly contemplated . . . ." *Id.,* 761 A.2d at 1165 n.7.

In this case, SB did not argue that it was prejudiced in any way by Vroom's discontinuance and reinstitution of suit. Instead, it pointed to what it termed Vroom's "insidious motive" and *Brown v. Phillips,* 365 Pa. 155, 159, 74 A.2d 105, 108 (1950). On those grounds, SB insisted that the discontinuance should be struck.[2] According to SB, the insidiousness lies in Vroom's filing a second suit demanding a jury trial. Since Rule 231 "expressly contemplate[s]" a second suit, *Fancsali, supra,* Vroom's actions could hardly be termed "insidious."

More to the point, in light of Rule 231 and the Supreme Court's opinion in *Fancsali,* the discontinuance imposed no cognizable harm on SB. SB has not argued that the statute of limitations has run. The General Assembly has already determined that there is no harm in instituting a suit in the time frame involved. We are in no position to disagree. Any inconvenience SB has incurred could have been avoided by agreeing to the jury trial demand. Vroom simply has obtained no unjust advantage.

---

2. As a parting shot, in a footnote on the last page of its memorandum in support of its petition, SB declares that "Local Rule §9-5.0 . . . specifically provides that 'no continuances [shall be] granted.' " There is no local rule §9-5.0, at least not in Philadelphia. So far as we can determine, SB is citing to Steven A. Arbittier et al., *Philadelphia Court of Common Pleas Civil Practice Manual* §9-5.0. Although widely used, that tome is not among the court's official publications. Even if it were, section 9-5.0 is not relevant here. That portion of Mr. Arbittier's book discusses status/trial scheduling conferences in the major non-jury program, and does not purport to be an observation of the court's general views on continuances, or perhaps more pertinent, striking discontinuances.

SB cites *Brown v. Phillips* for the proposition that discontinuing suit for the purpose of recommencing suit in a different forum is a per se cause to strike the discontinuance. *Brown,* however, was of a different character than the present case, and the Supreme Court's holding was much narrower than SB would have. In *Brown,* the plaintiffs began suit by filing a complaint. The defendant responded, and in turn, the Browns filed an amended complaint. *Id.* at 157, 74 A.2d at 106. The defendant again filed a responsive pleading. *Id.* Eventually, the case proceeded to trial. At the close of the plaintiffs' evidence, the defendant moved for a nonsuit. *Id.* at 156, 74 A.2d at 106-107. To avoid nonsuit, the plaintiffs moved for the withdrawal of a juror. *Id.* at 156-57, 74 A.2d at 107. The defendant did not object, and the court granted the motion and continued the case. *Id.* at 157, 74 A.2d at 107. The Browns then filed a second amended complaint, to which the defendant filed preliminary objections. The parties agreed that the court should sustain the preliminary objections, with leave to the plaintiffs to file a third amended complaint. *Id.* The third amended complaint came, and the defendant again countered with preliminary objections. *Id.* Those objections the court again sustained, and yet again granted the plaintiffs permission to file a fourth amended complaint within 20 days. *Id.* Instead of doing so, the plaintiffs instituted suit in the federal District Court for the Western District of Pennsylvania. *Id.* On the twenty-first day after the common pleas court's order, the plaintiffs moved to discontinue their state court suit. The trial court granted the discontinuance. *Id.* The Supreme Court held that permitting the discontinuance was reversible error "after the extent of the litigation to which [the plaintiffs] had subjected the

defendant in a competent and convenient jurisdiction which they voluntarily invoked." *Id.* at 158, 74 A.2d at 107.

In the case presently under consideration, Vroom has not subjected SB to anything approaching the saga the Supreme Court recounted in *Brown.* Certainly, the parties have completed some of the initial stages of the litigation. But whenever a plaintiff discontinues a suit, it will nearly always be the case that the parties will have completed some aspect of the process. The question is one of degree. Precisely stated, the issue is whether the parties have proceeded so far with the litigation that to discontinue it would be unreasonably inconvenient, vexatious, harassing, expensive, or prejudicial to the defendant.

SB specifically noted the *Brown* court's remark to the effect that a discontinuance ought not be permitted where the only reason to discontinue is to institute suit in a different forum. In the case at bar, the second suit was instituted in the same forum. Moreover, that statement is inconsistent with the court's more recent pronouncements in *Fancsali, supra.* Under *Fancsali's* understanding of the relationship between Rules 229 and 231, a discontinuance for the purpose of instituting a second suit within the statute of limitations is not improper. To the extent that *Brown* and *Yachere v. Yachere,* 52 D.&C.2d 768 (Somerset Cty. 1971), on which SB also relies, hold to the contrary, we cannot agree.

For the foregoing reasons, this court's order should be affirmed.