# Graf *v*. Graf, Appellant.

Argued September 26, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Amos Davis,* with him *Robert C. Haberstroh,* for appellant.

*Bernard Jubelirer,* with him *Jubelirer, Smith & Oyler,* for appellee.

OPINION BY GUNTHER, J., November 22, 1950:

Carl E. Graf, appellee, instituted this action in divorce A.V.M. against Ruth M. Graf, appellant, alleging indignities to the person. A bill of particulars was filed and the answer thereto denied all material averments. A master was appointed, and after the taking of extensive testimony produced at ten hearings, filed a report recommending that a divorce be granted. This appeal is from the decree of the court below dismissing appellant's exceptions to the master's report and entering a decree of divorce.

Appellant complains that appellee has not, by clear and satisfactory evidence, met the burden imposed upon him to establish his right to a divorce on the ground of indignities to the person. An independent and painstaking examination of the testimony in this record indicates that the court below was not in error in entering the decree of divorce.

The parties were married in June, 1934; at the time of the marriage appellee was 28 years of age, and appellant 33 years of age. Appellant had a daughter by a previous marriage and this child, together with a son of the parties, made their home with them until the date of separation. The testimony indicates that the marital difficulties began shortly after the marriage. Appellee's testimony establishes that from 1934, shortly after the marriage of the parties, until the final separation in November, 1946, the appellant accused appellee of infidelity without justification or cause; called him vulgar and profane names; accused him of being a drunkard; on several occasions inflicted physical in-

jury upon him; refused to eat at the same table with him; and on four occasions between 1934 and 1940 had appellee arrested on charges of assault and battery and desertion and non-support. All of these arrests were without foundation and were subsequently withdrawn by appellant. There is ample testimony by disinterested witnesses establishing that appellant seriously jeopardized appellee's position as a teacher with the Altoona School District by approaching fellow employes and circulating unfounded statements that appellee had engaged in perverted sexual practices. On two occasions, appellant had appellee summoned before the Adult Probation Officer of Blair County complaining that he was not properly supporting his family. The evidence clearly established that not only did appellee maintain his employment with the Altoona School District, but during the years 1943 to 1946 was also employed by the Pennsylvania Railroad and the monies earned were used for the maintenance of the family. Appellee on two occasions had separated himself from his wife by reason of appellant's continuous threats, use of profanity and false accusations of infidelity. After a reconciliation had been effected, she renewed her course of conduct as outlined above.

As is so often the case in contested divorce matters, credibility of the witnesses is the touchstone by which the truth must be assayed: *Smith v. Smith,* 157 Pa. Superior Ct. 582, 584, 43 A. 2d 371. The master found the testimony of appellant and her witnesses "unreliable and untruthful". The report of the master, although only advisory and not controlling is to be given full consideration, particularly as regards the credibility of the witnesses as he has had the advantage of seeing the parties and hearing the testimony. *Fishman v. Fishman,* 134 Pa. Superior Ct. 217, 219, 4 A. 2d 543. This rule is particularly applicable in cases where the testimony is conflicting, for then the opportunity to

observe the demeanor of the witnesses is especially helpful in arriving at the truth. *Fullwood v. Fullwood*, 156 Pa. Superior Ct. 409, 411, 40 A. 2d 876. We have little difficulty in agreeing with the master that appellant's testimony in many particulars contained exaggerations, inconsistencies, contradictions and obvious untruths.

The record is replete with incidents clearly establishing that appellant has, without justification, habitually called appellee vile and indecent names in 'the presence of others; that she insulted, humiliated and embarrassed him in public; falsely accused him of infidelity; and that she exhibited a manifest disdain and settled hate toward him by repeated acts which constituted a course of conduct rendering appellant's condition intolerable and his life burdensome. Appellee is entitled to a divorce on the ground of indignities.

Decree affirmed.