Pesta *v.* Barron (et al., Appellant).

Argued November 15, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*C. C. Walthour, Jr.,* with him *Fred B. Trescher,* and *Kunkle & Trescher,* for appellant.

*H. Reginald Belden* and *George S. Goldstein,* with them *Paul M. Robinson* and *Max M. Bergad,* for appellee.

Opinion by Rhodes, P. J., January 21, 1958:

This is an appeal by Long Transportation Company, additional defendant in a trespass action, from the order of the Court of Common Pleas of Westmoreland County permitting the plaintiffs to voluntarily discontinue the action. Our review is to determine whether the court below abused its discretion. See *Brown v. T. W. Phillips Gas and Oil Company,* 365 Pa. 155, 159, 74 A. 2d 105.

Plaintiffs brought an action in trespass on May 16, 1956, in the Court of Common Pleas of Westmoreland County, against Jack Barron the driver and Vernon Carpenter the owner of a tractor-trailer truck and the alleged employer of Barron, to recover damages for injuries sustained by Michael A. Pesta, a minor and passenger in an automobile which collided with the truck. Two days later plaintiffs instituted a similar action in the United States District Court for the Western District of Pennsylvania against the present appellant, Long Transportation Company, a foreign corporation. On June 1, 1956, appellant filed an appearance in the District Court, and on June 4, 1956, it filed an answer to the complaint in that court. Thereafter, on June 25, 1956, defendant Vernon Carpenter filed an answer to plaintiffs' complaint in the Court of Common Pleas of Westmoreland County,

denying agency, possession, and control; and on June 29, 1956, he filed a praecipe and complaint to join appellant as an additional defendant on the ground that appellant was either the sole or joint employer of the driver Barron and was therefore solely or jointly liable to plaintiffs. This was six weeks after plaintiffs had instituted suit in the District Court against appellant. On August 14, 1956, appellant filed preliminary objections to the joinder as additional defendant. It asserted that it could not be joined as an additional defendant in the action in Westmoreland County for the following reasons: (1) The Court of Common Pleas of Westmoreland County lacked jurisdiction over it as an additional defendant as Barron, the driver of the truck, was not its servant or employe at the time of the accident; (2) it was then a party to the action, being a defendant in a suit by plaintiffs in the District Court arising out of the same accident.

On March 16, 1957, plaintiffs presented a petition for leave to discontinue the action in the Court of Common Pleas of Westmoreland County in which counsel for the original defendants concurred. The petition averred that the suit was entered, without an investigation, in the Court of Common Pleas of Westmoreland County to safeguard the rights of minor plaintiff; that on learning of the relationship of Barron with appellant, a foreign corporation and interstate carrier, an action was brought two days later in the District Court; that the defendant Vernon Carpenter had filed an answer and joined appellant as an additional defendant on the ground that the latter was Barron's employer; that, in a companion case in the District Court brought by the administrator of an estate of another person killed in the same accident, appellant filed a motion to dismiss the complaint because the operator of the tractor-trailer truck was not its

agent; that the District Court dismissed this motion and ordered appellant to file an answer to the complaint; and that plaintiffs desired to discontinue the action in the Court of Common Pleas of Westmoreland County without prejudice to proceed with the action in the District Court. On March 16, 1957, the court below, after argument, made its order permitting plaintiffs to discontinue the action brought in that court. On March 22, 1957, the case was voluntarily discontinued in accordance with the order of the court filed March 16, 1957.[1] On May 2, 1957, appellant appealed from the order of the Court of Common Pleas of Westmoreland County permitting the discontinuance by plaintiffs. The appeal was taken to the Supreme Court and by it remitted to this Court. Under the circumstances disclosed by this record, the order of the Court of Common Pleas of Westmoreland County permitting plaintiffs to discontinue their action in that court will be affirmed.

A plaintiff may voluntarily discontinue his action, in whole or in part, at any time prior to trial (Pa. R. C. P. 229 (a)). Leave of court is required to discontinue an action as to less than all defendants (Pa. R. C. P. 229 (b)), where a minor is a party (Pa. R. C. P. 2039 (a)), in wrongful death actions where a minor has an interest (Pa. R. C. P. 2206 (a)), where an incompetent is a party (Pa. R. C. P. 2064), and in class actions (Pa. R. C. P. 2230 (b)).

It is the contention of appellant that it is prejudiced by the discontinuance of the action instituted by plaintiffs in the Court of Common Pleas of Westmoreland

---

[1] Upon proof of the discontinuance the District Court on March 28, 1957, vacated a stay order issued by that court on March 12, 1957. On March 29, 1957, plaintiffs filed an amended complaint in the District Court to which Long Transportation Company filed an answer on April 9, 1957.

County because in the District Court, under Rule 14 of the Federal Rules of Civil Procedure, it may join the original defendants Barron and Carpenter as third party defendants only if it alleges that they are liable over or jointly liable with appellant, but that it may not join them on the ground of sole liability. Assuming this to be true, it does not appear that appellant is deprived of any substantial right or that it will be prejudiced by the discontinuance of the action in the Court of Common Pleas of Westmoreland County. While appellant may not be able to join Barron and Carpenter as additional defendants solely liable to plaintiffs, it certainly is not precluded from showing at the trial in the District Court as a factual matter that it is not liable because Barron was not its employe. There is no doubt that appellant, under Rule 14 of the Federal Rules of Civil Procedure, may recover against Barron and/or Carpenter in the District Court if a secondary liability to it is shown. Moreover, we are unable to see how any alleged procedural difference between the Pennsylvania practice and the federal practice may be made the basis of a mandate that the plaintiffs pursue their action in the state court rather than in the federal court. See *Thompson v. Fitzgerald*, 329 Pa. 497, 505, 198 A. 58.

The present situation is not comparable to that in *Brown v. T. W. Phillips Gas and Oil Company*, supra, 365 Pa. 155, 74 A. 2d 105, where it was held to be prejudicial, inconvenient, and annoying to a defendant to permit a plaintiff to discontinue an action in a state court where the case had proceeded to trial, after which there were several continuances and amended complaints filed, and after which an action was instituted in a federal court. In the present case the action in the Court of Common Pleas of Westmoreland County was not brought originally against appellant. The action

in the District Court against appellant was instituted virtually at the same time as the action in the Court of Common Pleas of Westmoreland County against the two original defendants. It was the original defendants not the plaintiffs who thereafter joined appellant as an additional defendant in the Court of Common Pleas of Westmoreland County, which joinder appellant resisted. In fact, appellant questioned that the Court of Common Pleas of Westmoreland County had jurisdiction because of the existence of the action against it in the District Court. Apparently there are some inconsistencies in the positions taken by appellant in the respective courts.

We find no abuse of discretion on the part of the court below.

The order is affirmed.