## Gross v. Fantecchi

*John E. Slike*, for plaintiffs.

*Robert M. Frey* and *Shissler & Sheetz*, for defendants.

SHUGHART, P. J., March 19, 1958.—This case arises out of a motor vehicle accident on the Pennsylvania Turnpike, in Cumberland County, between plaintiffs, who reside in Bucks County, Pa., and defendant, who is a resident of New York City. The accident occurred on December 21, 1955. On September 24, 1956, defendant instituted suit against plaintiffs in the United States

District Court for the Eastern District of Pennsylvania. Plaintiffs filed an answer but made no counterclaim. On May 26, 1957, plaintiffs instituted this action against defendant for the damages they suffered in the accident. Thereafter, defendant filed an answer with new matter in which he set forth the pendency of the action in the Federal court between the same parties and involving the same collision. Defendant urges that because of rule 13 (*a*) of the Federal Rules of Civil Procedure plaintiffs must assert their claim as a counterclaim in the Federal action and that the instant action is barred.

Plaintiffs have filed preliminary objections to defendant's new matter, setting forth that the above facts do not constitute a defense to plaintiffs' complaint and asking that defendant's new matter be stricken and dismissed.

It appears from the briefs that on August 29, 1957, after plaintiffs instituted this action, defendant filed a motion in the Federal court attempting to enjoin plaintiffs from pursuing their cause in Cumberland County until final determination of the Federal court action. On December 10, 1957, a decision was rendered by the Federal court refusing to grant the injunction. An appeal from this decision to the Court of Appeals for the Third Circuit is pending.

Rule 13 (*a*) of the Federal rules provides, inter alia, as follows: "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

As amended December 27, 1946, effective March 19, 1948.

This rule compels defendant in a Federal case to bring any suit arising out of the same circumstances as the pending cause as a counterclaim or be forever barred.

The courts of this State have no rule requiring that counterclaims be filed. Pa. R. C. P. 1046 provides, inter alia, that: "A defendant *may* plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." (Italics supplied.) See also Pa. R. C. P. 1031.

The right of set-off and counterclaim did not exist at common law, and is based entirely on statute. The courts of this State have always held that a defendant in a trespass action was not compelled to file a counterclaim but could institute an action of his own. In Dissinger v. Rosen, 14 D. & C. 339, 340, the court said: ". . . if the defendant has not seen fit to exercise his option in setting forth his set-off in the original cause of action, *there is nothing to prevent him from beginning another suit in a court of competent jurisdiction.*" (Italics supplied.) See also Deane v. Greenbaum, 77 D. & C. 569.

In Goodrich-Amram, Commentary on rule 1031 (*b*)-1, it is said: "Unlike the new matter, which is essentially a part of the negative defense of the defendant against the plaintiff's claim, the counterclaim is in reality an affirmative cross-action by the defendant against the plaintiff. *The filing of the counterclaim by the defendant is always optional;* he may, if he prefers, elect to start an independent suit on the counterclaim against the plaintiff. Pennsylvania practice has no equivalent to the Federal requirement that certain kinds of counterclaim *must* be joined in the plaintiff's action and cannot be made the subject of a separate

suit by the defendant. All counterclaims are permissive under our practice, and represent merely a matter of procedural convenience for the defendant." (Italics supplied.)

Defendant asks that we compel the instant plaintiffs to assert their claim as a counterclaim in a Federal court even though we would be bound to permit the claim if defendant had instituted his action in another court in this State. In other words, defendant demands that this State, which has an optional counterclaim rule, enforce the Federal compulsory counterclaim rule by closing the door of our court to a cross-suit by plaintiffs.

Defendant contends that the refusal of the Federal district court to enjoin plaintiffs from proceeding in this court was based on the technical grounds that the Federal court lacked authority to issue an injunction in this situation, under 28 U. S. C. §2283. In any event it is clear that the court held Congress has withheld authority from the Federal courts to interfere with the present action. If it is desirable that plaintiffs should have this court closed to them because their adversary has a case in Federal court, it is up to Congress to so provide.

We deem it highly improper to, by inference, force these plaintiffs out of this court where they will, in all probability, receive a more speedy disposition of their cause than otherwise. The overcrowded condition of the calendars of the Federal courts, which undoubtedly was, at least in part, the basis for the rule on compulsory counterclaims, does not exist in this court. There is no reason, therefore, to hold that rule 13(a) of the Federal court should bar this suit. In short, we feel the authority of State courts over causes of action should be removed only by direct congressional action. We fully concur in the result reached in the decision in the

district court refusing to enjoin plaintiffs from proceeding in this court.

In the very recent opinion in the case of Pesta v. Barron, 185 Pa. Superior Ct. 323, President Judge Rhodes said, at page 327: "Moreover, we are unable to see how any alleged procedural difference between the Pennsylvania practice and the Federal practice may be made the basis of a mandate that the plaintiffs pursue their action in the state court rather than in the federal court. See Thompson v. Fitzgerald, 329 Pa. 497, 505, 198 A. 58."

Conversely, we are unable to see how any procedural difference between the Pennsylvania practice and the Federal practice may be made the basis of a mandate that plaintiffs be prohibited from pursuing their action in the State court rather than in the Federal court.

And now, March 19, 1958, at 10 a.m., for the reasons given, plaintiffs' demurrer to new matter set forth in defendant's answer is sustained and the said new matter stricken.