Deigan *v.* Deigan, Appellant.

Argued April 11, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Armin H. Friedman,* for appellee.

OPINION BY MONTGOMERY, J., June 16, 1967:

This contested divorce action was discontinued by the plaintiff-appellee with leave of court after four hearings had been held by a master, the last of which

being adjourned to a later date. It thus appears that the record of testimony was not complete. However, the final order allowing the discontinuance provided that all actions sounding in divorce which had arisen before May 4, 1961, the day on which the complaint had been filed, were res judicata. Although our review on this appeal by the defendant is limited to a determination of whether the trial judge has abused his discretion, *Pesta v. Barron,* 185 Pa. Superior Ct. 323, 138 A. 2d 690 (1958), we so find such an abuse because this part of the order was contrary to Pa. R. C. P. 231. This rule provides that after a discontinuance or voluntary nonsuit the plaintiff may commence a second action upon the same cause of action upon payment of the costs of the former action. It was, therefore, an invalid condition to the order allowing the discontinuance.

Since the allowance of a voluntary nonsuit after a plaintiff has rested his case is a discretionary matter with the trial judge, we are unable to say on this record whether the lower court would have granted such leave without the aforesaid condition. For that reason also the order must be reversed and the case remanded to the lower court for further consideration as to the allowance of a nonsuit, since a discontinuance would be improper as appears from our later discussion herein.

The facts before us indicate that this defendant has been put to considerable expense and annoyance by the numerous actions in divorce filed by the plaintiff.[1]

---

[1] In addition to the present action there was another in Court of Common Pleas of Washington County at 652 February Term, 1958, which was discontinued on October 30, 1963, two and one-half years after the present action was filed; and two in Allegheny County at No. 28 May Term, 1961, and No. 2614 January Term, 1965. The first of the Allegheny County actions was discontinued August 3, 1964, and the second one is still pending.

Therefore, it is obvious why the lower court tried to put at rest some of their differences.

In remanding we direct our attention to the argument advanced by the defendant that it was improper to discontinue the case since it had proceeded to trial, which we think should be answered. Under Pa. R. C. P. 229, a discontinuance by the plaintiff is permissible only prior to trial. Pa. R. C. P. 230 declares a voluntary nonsuit to be the exclusive method of voluntary termination by a plaintiff during trial; that it may not be suffered without leave of court after plaintiff has rested his case; and that it is not permissible at all after the close of all of the evidence.

Although it might be argued that a hearing before a master is not a trial as contemplated by Pa. R. C. P. 229 and 230, and therefore a discontinuance allowable, we conclude that such a hearing is part of the trial and covered by these rules. Pa. R. C. P. 1133 provides that after a cause is at issue the court may either hear the testimony or appoint a master to hear it who shall return a transcript of the testimony with the record, together with his report and recommendation. A master occupies a "quasi-judicial" position under the direct control of the court; and he must make findings of fact which are determined after he has passed on the credibility of witnesses. Although his findings are advisory the court must give full consideration to them, particularly with respect to the credibility of witnesses where the testimony is conflicting. *Graf v. Graf*, 168 Pa. Superior Ct. 66, 76 A. 2d 659 (1950). For these reasons we hold that proceedings before a master are part of the trial as they are an essential part of the process leading to the ultimate decision of the judge under whom the master acts. Therefore, a nonsuit would be permissible with leave of court under Pa. R. C. P. 230 since the hearings were not complete.

The order of the lower court granting a discontinuance is reversed and the discontinuance stricken with a procedendo, without prejudice to the plaintiff to petition the lower court under Pa. R. C. P. 230 for the allowance of a voluntary nonsuit.