## Hudson v. Cohen

*B. Jerome Shane*, for plaintiff.
*Morton F. Daller*, for defendant.

GREENBERG, J., August 8, 1969.—On October 5, 1966, plaintiff, by his then attorney, instituted an action against defendant to recover damages allegedly sustained in an automobile accident which occurred on June 19, 1966. This action was discontinued by said attorney for plaintiff on April 17, 1967, one day before a scheduled arbitration hearing in the case was to be held. After obtaining new counsel, plaintiff filed a second suit upon the same cause of action on June 20, 1968, which subsequently was dismissed on the grounds that it was barred by the statute of limitations. Plaintiff, by his new counsel, now seeks to revive his original action through a petition to strike off the earlier discontinuance.

Pursuant to rule 229(c) of the Pennsylvania Rules of Civil Procedure, "The Court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

There are, however, few well-defined circumstances in which a discontinuance will be stricken,

and, therefore, the matter is one which rests within the sound discretion of the court: 2 Anderson Pa. Civ. Pract. 229.7; Abrasonis v. Gilberton Coal Co., 55 Schuyl. 139 (1959). The prerequisite to such action by the court, as stated by Anderson, is that "the party seeking to have a discontinuance stricken must show that he has been deprived of a substantial right or will be prejudiced by the discontinuance": 2 Anderson Pa. Civ. Pract. 229.7. See also Pesta v. Barron, 185 Pa. Superior Ct. 323 (1958).

Plaintiff here has furnished no valid reason in support of his petition to strike off the discontinuance. He has failed to allege either fraud, mistake or lack of authority in his then attorney to discontinue the action. The only prejudice claimed by plaintiff is "his inability to pursue his personal injury action by reason of application of the . . . statute of limitations." If, in fact, this constitutes prejudice, it was produced by plaintiff's own actions in discontinuing his original cause of action and in failing to file his subsequent action within the period allowed by the statute of limitations.

Plaintiff also alludes to possible prejudice in his claim that the original action was discontinued by his then counsel without plaintiff's knowledge or consent. The record before us contains nothing in support of this contention other than plaintiff's bare allegation that the discontinuance was effected in that manner. Plaintiff has produced no evidence to show when he first learned of the discontinuance or what, if any, action he took when he did learn of it. But even if this allegation were accepted as true, the court is of the opinion that this fact alone is insufficient to justify plaintiff's request to strike the discontinuance. In attempting to substantiate his petition, plaintiff has been either vague or completely unresponsive to certain elements in the case, explanations for which, the

court feels, are necessary to make out a case for the existence of prejudice. Plaintiff has failed to account for the 14-month period between the filing of the discontinuance in the original action and the commencement of the second suit based upon the original cause of action. Nowhere has he alleged that it was his lack of awareness of the discontinuance which prevented him from filing his second action within the period allowed by the statute of limitations. Moreover, plaintiff has failed to explain why he brings this petition as a last resort in his case; why, in other words, he sought to institute a second action rather than seeking to strike off the discontinuance in the first instance.

Plaintiff, therefore, in failing to substantiate his averment as to prejudice, has provided the court with no grounds upon which to grant the relief requested. If plaintiff has been prejudiced to some extent by the existence of a discontinuance in his original action, he has only himself or his former attorney to blame.

Accordingly, we denied plaintiff's petition to strike off the discontinuance.