## Anna v. Cambria & Indiana Railroad Company

*Louis C. Glasso,* for plaintiff.

*Spence, Custer, Saylor, Wolfe & Rose* and *Kirkpatrick, Lockhart, Johnson* and *Hutchison,* for defendant.

GRIFFITH, P. J., January 3, 1972.—This matter comes before the court on defendant's rule to strike plaintiff's discontinuance.

This action was brought by plaintiff under the provisions of the Federal Employees' Liability Act. Plaintiff is a resident of Cambria County. Defendant is doing business in Cambria County, but its principal office is in Northampton County.

The chronology of the action is as follows:

1. April 22, 1971, action commenced in Allegheny County.

2. June 10, 1971, four days after defendant's preliminary objections to venue were filed, an identical action was commenced in the District Court of the United States for the Western District of Pennsylvania.

3. June 17, 1971, Allegheny County court transferred the action to the Cambria County Court.

4. July 20, 1971, this action was filed in Cambria County.

5. July 26, 1971, an appearance was entered for defendant.

6. July 30, 1971, case scheduled for pretrial in December term, 1971.

7. September 30, 1971, plaintiff discontinued the action by praecipe.

8. October 14, 1971, defendant's petition to strike off discontinuance filed.

Ordinarily a plaintiff may discontinue an action before trial. Pennsylvania Rule of Civil Procedure 229. During trial, a plaintiff may suffer a voluntary nonsuit: Pa. R. C. P. 230. Court approval of a discontinuance is not required unless plaintiff attempts to discontinue as to less than all defendants; in cases in which a minor is a party (Pa. R. C. P. 2039(a)); an action for wrongful death in which a minor is interested (Pa. R. C. P. 2206(a)); an action in which an incompetent is a party (Pa. R. C. P. 2064); and in class actions (Pa. R. C. P. 2230(b)).

Pa. R. C. P. 229(c) reads as follows:

"The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

It is under this subsection that defendant seeks to have plaintiff's discontinuance stricken off.

A trial is "commenced" for the purpose of this rule when the case is called for actual trial, not merely for preliminary call of the trial list or a call for the purpose of assigning a trial date: 2 Anderson Civ. Pr. 189. Defendant attempts to bring itself within the provisions of Pa. R. C. P. 229(c) on the ground that the discontinuance of this action subjected it to "unreasonable inconvenience, vexation, harassment, expense, or prejudice."

Defendant argues that the Court of Common Pleas of Cambria County is the most convenient forum for both parties. Mere inconvenience is not sufficient to require a discontinuance to be stricken off. Section (c) of rule 229 does permit striking off a discontinuance

if it would result in "unreasonable" inconvenience or expense. If plaintiff's discontinuance is permitted to stand, the action will be tried in the United States District Court for the Western District of Pennsylvania situated in Pittsburgh, approximately 70 miles from this forum. Nor can we regard defendant's contention that the costs in regard to witness mileage fees and travel expenses would be increased if the case were tried in Pittsburgh rather than in Ebensburg. No doubt such costs would be somewhat, but not markedly, greater, and we note that plaintiff's counsel and one of defendant's counsel have their offices in Pittsburgh and the other counsel for defendant has offices in Cambria County, so that the increase in expenses would certainly not be "unreasonable."

As we have seen above, this action was commenced April 22, 1971, in the Court of Common Pleas of Allegheny County, Pa. On June 10, 1971, the same action was commenced in the District Court of the United States for the Western District of Pennsylvania. On June 17, 1971, the Court of Common Pleas of Allegheny County on defendant's petition for change of venue transferred the action to this county. On September 30, 1971, plaintiff's praecipe to discontinue was filed.

It will be noted that this action was brought under a Federal statute and, while the Act of Congress grants concurrent jurisdiction to the State and the Federal courts, these cases are usually tried in the United States district court.

Defendant cites Brown et ux. v. T. W. Phillips Gas & Oil Company, 365 Pa. 155 (1950), for the proposition that once the jurisdiction of a competent court has attached, a discontinuance should not be permitted if the reason for discontinuing is the plaintiff's desire

to institute an action for the same cause in another forum. However, as was pointed out in Pesta v. Barron et al., 185 Pa. Superior Ct. 323 (1958), the Superior Court upheld a discontinuance of an identical case in a State court when an action was filed and the action in the State court was discontinued 10 months after filing later in a Federal court. In that case, the Superior Court pointed out that in the Brown case there had been extended litigation before the discontinuance in the State court was filed. There, the case had actually been tried and resulted in a mistrial and, thereafter, three amended complaints were filed and action was still pending on the fourth amended complaint when it was discontinued by plaintiff. No such prejudice or inconvenience exists in this case. Here, the action in the Federal court was filed after the action was commenced in Allegheny County, but before the venue was changed to the Court of Common Pleas of Cambria County.

We think that plaintiff's discontinuance of his action in this court should not be stricken and defendant's rule to strike will, therefore, be discharged.

Defendant later filed a petition for fees in accordance with Pa. R. C. P. 1006(e), which provides that where a preliminary objection to venue is sustained and the case is accordingly transferred, "the costs and fees for transfer and removal of the record shall be paid by the plaintiff." From the affidavit attached to this petition, it appears that the sum of $210 claimed is entirely for legal fees for defendant's attorneys. If there is included in this sum any costs or fees for the transfer and removal of the record from Allegheny County to Cambria County, these should, of course, be paid by plaintiff. However, an appeal has been taken from our order of November 12, 1971, dismissing the

petition for fees and, hence, we cannot act in this matter. If the entire sum claimed of $210 is purely for legal services, we think the claim does not come within the scope of Pa. R. C. P. 1006(e).

The term "costs" or "expenses" as used in a statute is not understood, ordinarily, to include attorney's fees: 20 Am. Jur. 2d 59, "Costs," sec. 72. Attorney's fees are not allowable as costs under statutory provisions in ordinary litigation; they are not, in a proper sense, a part of the costs: Kintner v. Harr, 408 P. 2d 487 (Mont.).

In Pennsylvania, in the absence of statute, counsel fees cannot be recovered from the adverse party: Smith v. Equitable Trust Co. (No. 1), 215 Pa. 413. Where statutes have been enacted to permit the recovery of counsel fees from an adverse party, the legislature has made clear its intention by adding the words, "attorney" or "counsel" to the word "fees." The Act of April 11, 1825, P. L. 225, 12 PS §1052, authorizes recovery from the adverse party of "attorney and counsel" fees in suits on bonds, notes or bills of exchange. The Act of April 22, 1863, P. L. 527, 12 PS §2999, permits garnishees to recover a reasonable "counsel" fee. Likewise the Act of May 3, 1866, P. L. 116, 12 PS §1313, provides that where railroads or other corporations subject the holders of their bonds to the necessity of bringing suit to recover interest, they shall pay the fees of plaintiff's "counsel." So, the Pennsylvania Rules of Civil Procedure use unmistakable language when counsel fees are to be paid by an adversary. Pa. R. C. P. 1574 provides for reasonable "counsel" fees. Pa. R. C. P. 1035 (f) allows reasonable "attorney's" fees.

We do not believe that the time expended for the preparation of defendant's counsel to support its

petition for change of venue comes within the "costs and fees" for transfer and removal of the record in a change of venue proceedings as provided in Pa. R. C. P. 1006(e).