## Coppock v. Coppock

*Harold Coppock*, pp., for plaintiff.
*Robert F. Kelly*, for defendant.

DIGGINS, P. J., April 11, 1973.—This is a divorce case begun in 1967 by husband-plaintiff and contested from the beginning. The record is one of the most voluminous of any divorce case in this county. It culminated in a report by the master filed March 30, 1970, recommending that the divorce be refused, to which exceptions were filed. Since that time, plaintiff, now a resident of Wisconsin, has made abortive attempts to have the case discontinued.

Presently, guided by letters from the court, plaintiff had a rule to show cause why the divorce should not be discontinued allowed January 29, 1973, returnable March 16, 1973, which was duly served upon defendant, who filed an answer opposing the granting of the petition.

It is abundantly clear from the record that plaintiff, Harold Coppock, attempted a suit in Wisconsin on the same cause of action but was not permitted to proceed because of the pendency of this action. The record shows that there are presently outstanding in the Court of Common Pleas of Delaware County orders for the payment of counsel fees and costs to Robert F. Kelly, Esq., the sum of $1,950 and to Elizabeth Harper Coppock, defendant, for alimony pendente lite the sum of $1,250, none of which has been paid.

At the time the foregoing order was made July 20, 1970, an order was made staying all proceedings until counsel fee, costs and alimony are paid. Despite this, plaintiff made many attempts to avoid the impact of both the master's report and recommendation and the order for counsel fee, costs and alimony. The objections to the master's report have never been pressed

to a conclusion and are still pending. We are of the opinion that the impact of the order of July 20, 1970, requiring all proceedings to stay until the order is complied with would, of itself, bar this proceeding to discontinue.

It is alleged in the answer that Harold Coppock is financially able to pay such orders, since he is employed at the University of Wisconsin at a salary in excess of $20,000 per year.

The law regarding discontinuances in divorce cases is clear. Plaintiff may not discontinue ad libitum. Discontinuance is not an unrestricted right but a qualified privilege exercisable only by leave of court. The privilege should not be arbitrarily refused nor should it be carelessly granted. 3 Freedman: Law of Marriage and Divorce in Pennsylvania (2d Ed.) §667. Among the reasons commonly relied on to refuse a discontinuance is the situation where, if permitted, defendant would suffer disadvantage thereby, supra, nor where it is not sought in good faith: Crosby v. Crosby, 42 D. & C. 452.

This philosophy is reflected in the Pennsylvania Rule of Civil Procedure 229, which provides that a discontinuance must be the exclusive method of voluntary termination of an action by plaintiff and such discontinuance must be before commencement of trial. The purpose of this, of course, is to prevent an individual losing, or about to lose a case from discontinuing and thereby gaining an advantage to the detriment of the opposite party and obtaining a second chance.

In the case of Deigan v. Deigan, 210 Pa. Superior Ct. 240, it was held that a master's hearing in a divorce case is a trial which brings this issue within the Rules of Civil Procedure.

The case of Watson v. Watson, 55 Del. Co. 91, held:

"In a case where plaintiff husband commenced an action in divorce against his wife and the case then proceeded to a point where exceptions were filed by the plaintiff to the Master's Report, which recommended that the plaintiff's complaint be dismissed, and then the plaintiff filed a petition to withdraw his complaint and discontinue the action, the Court held that a discontinuance in a divorce action is a matter which lies within the sound discretion of the Court and will be disallowed where sought to avoid the doctrine of res judicata, and would permit the applicant to commence another action and subject the defendant to vexation, harassment and prejudice, and where the petitioner has no interest in the continuation of the marriage."

In the present case, not only has plaintiff passed the point of no return, but to permit him to discontinue would be in direct opposition to the philosophy of the law and the precise provisions thereof, because not only would it require defendant-wife to defend another action in another State, but it would subject her to vexation, harassment and prejudice.

Wherefore, this court, being of the opinion that discontinuance as prayed for in the petition should be disallowed, makes the following

## ORDER

And now, April 11, 1973, rule to show cause heretofore granted on January 29, 1973, requiring defendant, Elizabeth Harper Coppock, to show cause why petitioner should not be permitted to withdraw the above-entitled case, returnable March 16, 1973, be and the same is hereby discharged and permission to discontinue the action is denied.