## Ganoe v. The Trident Corp.

*Arthur L. Pressman*, for plaintiff.
*M. Patricia Harfins*, for defendant.
*Raymond K. Denworth, Jr.*, for other defendants.

EISEMAN, *J.*, March 10, 1975—This matter comes before the court on defendant Trident Corporation's motion to strike discontinuance filed pursuant to Pa.R.C.P. 229(c). It is petitioner's position that the action against a previous codefendant was improperly discontinued, since said previous codefendant is an essential party to the instant matter.

## FACTS

On July 30, 1971, plaintiff, Charles Ganoe, respondent herein, accepted a proposal of defendant, Trident Corporation, petitioner herein, to construct an addition to plaintiff's residence. The proposal was subsequently submitted to prior codefendants herein, Zimmers Luquer. On March 8, 1974, plaintiff filed a complaint in trespass and assumpsit against both Trident Corporation (petitioner herein) and Zimmers Luquer (respondent herein). The complaint alleged inter alia errors of design with respect to work done for plaintiff.

On December 2, 1974, plaintiff Ganoe filed a motion for leave to discontinue Zimmers Luquer as a defendant without prejudice and, despite the fact that all parties were given adequate notice of this motion, none responded. Accordingly, the court treated the matter as an uncontested motion and granted the request to discontinue Zimmers Luquer as a defendant. On December 16, 1974, arguing that the allegations contained in plaintiff's complaint raised questions of fact having to do with errors of design on the part of the discontinued defendant and that interlocking questions of liability compelled the presence of both defendants as parties to the instant action, petitioner filed this motion to strike the discontinuance. Petitioner relies upon Pa.R.C.P. 229(c).

Zimmers Luquer, the discontinued defendant herein, argued in response that Rule 229(c) would not apply to the instant case, since that rule applies only to situations in which unreasonable inconvenience, expense or prejudice would result if a party is discontinued, but here none of these situations could arise. Respondent argues that no prejudice could result to petitioner, since it may defend against liability on the ground that respondent, Zimmers Luquer, was truly at fault regardless of whether or not they are parties to the action.

Plaintiff, Charles Ganoe, argued in response to the instant motion that petitioner herein is attempting to remedy the results of his prior act of failing to reply to the earlier motion that resulted in discontinuing defendant, Zimmers Luquer, from the action and that petitioner should not be entitled to "a second bite of the apple."

## DISCUSSION

The issue before the court is whether or not a party who knowingly fails to respond to a motion for leave to discontinue, such that it is deemed uncontested, may subsequently collaterally attack the court's order successfully by use of Pa.R.C.P. 229(c). It is the opinion of the court that, although there are certain situations in which the above question may be answered in the affirmative, it must, in the instant case, be answered in the negative.

Petitioner herein filed the instant motion pursuant to Pa.R.C.P. 229(c), which enables the court to strike off a discontinuance in order to protect the rights of any party from unreasonable inconveni-

ence, vexation, harassment, expense or prejudice. In short, a discontinuance will not be permitted to stand if it would be prejudicial in any way to the rights of others: Bily v. Allegheny County Board of Property Assessment, Appeals and Review, 353 Pa. 49, 44 A. 2d 250 (1945); Brown v. T. W. Phillips Gas & Oil Co., 365 Pa. 155, 74 A. 2d 105 (1950); Leibowitz v. Platt, 43 D. & C. 2d 225 (1967). However, the party seeking to have the discontinuance stricken must show that he has been deprived of a substantial right or will be prejudiced by the discontinuance: Pesta v. Barron, 185 Pa. Superior Ct. 323, 138 A. 2d 690 (1958); Leibowitz, supra.

It is the opinion of the court that petitioner herein has failed to show how it would be deprived of any rights or prejudiced in any way if the discontinuance were to stand. As pointed out by respondent, Zimmers Luquer, petitioner may still "defend against liability on the ground that Messrs. Zimmers and Luquer are truly at fault regardless of whether or not that are parties to the action." Should the factfinder make such determination, only plaintiff can be aggrieved. It is, therefore, the opinion of the court that neither unreasonable inconvenience, vexation, harassment, expense nor prejudice will occur if the discontinuance were to stand.

In addition to the foregoing, the court takes cognizance of the fact that nowhere in its petition did the instant petitioner make mention of its complete failure to participate in the original motion. Such petitioner cannot now come forward and successfully collaterally attack an order which was previously issued based upon petitioner's prior lack of action. Accordingly, we enter the following

## ORDER

And now, March 10, 1975, for all the foregoing enumerated reasons it is ordered and decreed that the motion to strike discontinuance be and is hereby denied.