## Kaminski v. Moore

*Edmund L. Levine,* for plaintiff.

*Edward L. Edelstein,* and *Alan Wm. Margolis,* for defendant Moore.

*Thomas O. Malcolm* and *Michael Nelson Becci,* for defendant township.

*Ralph B. D'Iorio, John M. Cleary,* and *Timothy B. Barnard,* for additional defendants.

LABRUM, *J.,* February 24, 1978—This matter is before the court on the petition of defendant Springfield Township, under Pa.R.C.P. 229(c), to strike plaintiff's discontinuance. Each defendant and additional defendant has joined in Springfield Township's petition to strike.

The suit arises out of a motor vehicle accident which occurred on April 20, 1976, in Springfield Township, Delaware County. A complaint was filed in Delaware County on July 7, 1976. At the time, plaintiff was a resident of Delaware County. Subsequently, plaintiff moved from the county and is

presently a resident of Narrowsburg, New York. On August 1, 1977, plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania. On August 12, 1977, plaintiff's counsel filed an order with the Delaware County prothonotary's office to discontinue the present action pursuant to Pa.R.C.P. 229, with notice going to all parties. The petition to strike the discontinuance was filed on August 17, 1977.

Pa.R.C.P. 229 provides: "(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the Plaintiff before commencement of the trial."

Rule 229(c), however, states: "The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice."

Petitioners allege that they will be put to unreasonable inconvenience and expense by the removal of this matter to Federal court. There are presently five additional defendants in this case, in addition to the original parties. Answers, new matter, cross-claims and counterclaims have been filed and answered. Several interrogatories and answers thereto have been lodged. Defendants allege that plaintiff's sole reason for discontinuance is plaintiff's counsel feeling more at home in Federal court rather than in a Delaware County court. Defendants contend that the case is very near going to trial in Delaware County, and that the granting of plaintiff's discontinuance would necessitate the entire process being begun again in Federal court.

Plaintiff candidly admits that his reason for discontinuance and filing in Federal court is that he now has diversity jurisdiction and that he feels

there is a prospect for a larger recovery from a Federal jury panel.

In its present posture, the Federal court has jurisdiction over this case under the Act of June 25, 1948, 62 Stat. 930, as amended, 28 U.S.C.A. §1332. A plaintiff may discontinue an action voluntarily at any time prior to trial: Pesta v. Barron, 185 Pa. Superior Ct. 323, 138 A. 2d 690 (1958). The court may strike off the discontinuance, however, in order to protect the rights of any party from unreasonable inconvenience, expense or prejudice: Martinelli v. Mulloy, 223 Pa. Superior Ct. 130, 299 A. 2d 19 (1972). The decision as to the granting of a petition to strike a continuance rests in the discretion of the trial court: Thomas v. Hempt Bros., 402 Pa. 369, 167 A. 2d 315 (1961).

This court cannot affect plaintiff's right to litigate this matter in Federal court. It must, however, protect the interests of all parties to the action presently before it. Since July 7, 1976, this case has been before this court. Extensive pleadings and discovery have been filed and a great deal of time expended by the parties. To permit discontinuance at this point would indeed cause serious delay, unreasonable inconvenience and expense to all defendants. A discontinuance in this court merely in order to enable the same plaintiff to litigate the same action against the same defendants in Federal court is unreasonably inconvenient and vexatious to the aggrieved parties.

Therefore, we enter the following

## ORDER

And now, February 24, 1978, upon consideration of briefs submitted by respective counsel before this

court en banc, it is ordered and decreed that the petition of defendant Springfield Township to strike plaintiff's discontinuance be and the same is hereby granted.

Plaintiff's order to discontinue be and the same is hereby stricken.