## Ballard v. Ballard

*James T. Owens*, for plaintiff.
*Thomas G. Gavin*, for defendant.

WOOD, *J.*, December 18, 1980—We have before us plaintiff's application to discontinue the above captioned divorce action which began in August of 1978. Several hearings were held before a master, William Hagner, Esq., and the record before the master was closed.

Although the divorce action was commenced in this county, neither party any longer lives here. After the new Pennsylvania Divorce Code became effective, on July 1, 1980, plaintiff petitioned this court to consider the matter under the new act. In denying plaintiff's petition, we stated that such applications would not be granted pursuant to section 103 of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 103, if prejudice or difficulties beyond the mere availability to either party of new remedies are present in the case. We found two such areas of difficulty: (1) since neither party lived in this county, venue would not lie here if the action were

started anew; and (2) most of the ancillary matters that would be at issue under the new Divorce Code were already decided by the Courts of Northampton County. Plaintiff petitioned for us to reconsider our decision. We dismissed the petition for reconsideration, but made it clear that we did not wish to foreclose plaintiff from pursuing remedies which still may be available under the new code in an appropriate setting. Plaintiff then instituted an action in Delaware County, his place of residence, under the new Divorce Code on the grounds of "an irretrievable breakdown" of the marriage. Shortly thereafter he filed his application to discontinue the Chester County action.

The right of a party to obtain a discontinuance is governed by Pa.R.C.P. 229. In pertinent part that rule reads:

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial . . . (c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

It is well established that the determination of whether or not to grant a discontinuance rests within the discretion of the trial judge: Martinelli v. Mulloy, 223 Pa. Superior Ct. 130, 133, 299 A. 2d 19, 20 (1972).

Defendant directs our attention to the language "before commencement of trial" contained in Rule 229 and to a Superior Court decision which holds that hearings before a Master are a trial as contemplated by Rule 229: Deigan v. Deigan, 210 Pa.

Superior Ct. 240, 232 A. 2d 227 (1967). We are also aware that a discontinuance of a divorce action will be refused where one seeks for tactical reasons to bring another action in another jurisdiction: LeFever v. LeFever, 30 D. & C. 2d 553 (1963). See, also, Quattrone v. Quattrone, 240 Pa. Superior Ct. 619, 361 A. 2d 399 (1976). Further:

"A discontinuance will also be refused in cases where prejudice to the other party will result, as, for example, where the defendant would thereby be denied affirmative relief, or where the plaintiff seeks thereby to gain a procedural advantage over the defendant or avoid adverse findings in the proceedings." 1 Standard Pa. Pract. §229:8.1.

However, most of the cases and reasoning against a discontinuance are based on the belief that it would be unfair to require a defendant to shift from place to place to defend him or herself against essentially the same claims, presented anew in each new forum. Here we have a husband who genuinely lives in Delaware County, and a new set of grounds for divorce which did not exist when the original action was filed. We cannot say to husband that since he had the misfortune of filing for divorce before July 1, 1980, he is forever barred from using the new remedies available under the new Divorce Code, and yet that seems to us to be the position taken by wife. We think that in this situation, the prejudice works the other way; unless we free husband to bring his action in the county where he lives, we may prevent him from achieving the very thing that the Divorce Code was designed to promote: dissolution of an irretrievably broken marriage.

We note that it is not our intention to allow hus-

band to relitigate the same grounds for divorce as were presented to the master. We consider his application to discontinue to be tantamount to an abandonment of those grounds, but *not* an abandonment of his claim for divorce generally.

## ORDER

And now, December 18, 1980, upon consideration of briefs, plaintiff's petition to discontinue is granted.