GARDEN PARK TOWNHOUSE ASSOCIATION, Appel-
lant, v. HOMEWOOD BUILDERS, INC., HOWARD
FORKER, POTTER ELECTRIC CO., INC., FRANK-
LIN & McINNIS MASONRY, INC., DEAN ROOFING
CO., DUPLISSEY, CERTIFIED AIR CONDITION-
ING CORP., VOORHEIS-TRINDLE OF NEVADA,
SOUTHERN NEVADA PAVING, INC., CLOUD
LANDSCAPING AND SPRINKLER SERVICE, APEX
CONSTRUCTION COMPANY, INC., ALFRED E.
LEE, AND CAUSEY CONSTRUCTION COMPANY,
Respondents.

No. 12803

December 30, 1981                              637 P.2d 1214

*Rogers, Monsey, Woodbury & Berggreen,* Las Vegas, for
Appellant.

*Gubler & Gubler; Mills, Galliher, Lukens, Gibson, Schwart-
zer & Shinehouse; Gang & Berkley; Leavitt, Graves & Leavitt;
Marquis & Haney; Bell & Young; Lorin D. Parraguirre;* Las
Vegas, for Respondents.

# OPINION

*Per Curiam:*

Appellant Garden Park Townhouse Association claims error in the district court's dismissal of its suit for want of prosecution. Garden Park claims that the matter was brought to trial within the five year period specified in Nevada Rule of Civil Procedure 41(e)[1] by virtue of informal proceedings held before a special master. We reject this contention and affirm the order of the trial court.

The facts presented by appellant establish that no trial was ever commenced. On March 14, 1975, Garden Park filed suit alleging numerous construction defects in a condominium development located in Las Vegas. On December 7, 1976, the district court appointed a special master and directed him to make certain findings of fact and to prepare a report setting forth those findings. At an unspecified date some of the attorneys in this matter met at the construction site with the special master. The master inspected a portion of the site and listened to what several persons had to say about construction of a wall. No formal or sworn testimony was taken. On November 6, 1979, the special master wrote a letter to three of nine counsel of record. He attached some photographs and documents to the letter and made certain findings and conclusions. The letter was not filed with the court nor was it served on all counsel of record. In fact, no report as such was ever presented to the court. Appellant cites no relevant authority for the proposition that the master's action in this case constituted commencement of a trial.[2]

---

[1]NRCP 41(e) provides in pertinent part:

Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended.

[2]Garden Park cites two cases which purportedly hold that action taken by a master necessarily saves a suit from involuntary dismissal under the five-year deadline. Neither case is on point. In Deigan v. Deigan, 232 A.2d 227 (Pa.Super. 1967), a Pennsylvania superior court held that divorce proceedings before a master constituted sufficient action to deny a plaintiff's motion for discontinuance. The court emphasized the quasi-judicial nature of the master's proceedings, which included taking the sworn testimony of witnesses, preparation of an official transcript and filing with the court a report containing the master's conclusions. By contrast, in the case

It is clear that the master's actions in this case were not such that Garden Park may be said to have "brought the action to trial" pursuant to NRCP 41(e). We therefore affirm the order of dismissal.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[3] concur.

before us no witnesses were called nor were all parties notified. The master's findings were never even part of the court record.

The second case appellant relies on is equally inapplicable. In City of Pasadena v. City of Alhambra, 207 P.2d 17 (Cal. 1949), the California Supreme Court held that based on the peculiar circumstances of that case the time consumed by a master should not be included in computing the five-year period for bringing a suit to trial. Despite the diligence of all parties, the master had taken four and one-half years to conclude his investigation. Since the master's findings were crucial to any further proceedings, the parties were powerless to act until the master made his determination. The court did not hold that the master's proceedings actually constituted commencement of trial, and the distinction is important to the case at hand. Appellant concedes that under Nevada Rule of Civil Procedure 53(d)(1) any party could have moved to speed up the master's report, but no one took such action. It appears from the record that delays in bringing this action to trial were not occasioned by inaction on the part of the master.