**Veda CARSON**

v.

**TOWN OF OAKLAND** [1].

Supreme Judicial Court of Maine.

Argued Jan. 8, 1982.

Decided Feb. 25, 1982.

Everett B. Carson (orally), Pine Tree Legal Assistance, Inc., Kim M. Vandermeulen,

Downeast Law Offices, P.A., Augusta, for plaintiff.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Waterville, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER and VIOLETTE, JJ.

VIOLETTE, Justice.

On April 30, 1980, plaintiff Veda Carson, a sixty year old resident of the Town of Oakland for more than nineteen years, applied to the Oakland Town Manager for a grant of general assistance funds in the amount of ten dollars to purchase food. Her monthly income at that time consisted of $218.20 in Social Security insurance benefits and was supplemented by an allotment of $63.00 worth of food stamps. The Town Manager asked her to consent to a "home visit" for the purpose of verifying her need for food. She refused his request, and he denied her application for assistance because she would "not permit verification of need." Plaintiff then exercised her right to request a hearing before the Fair Hearing Authority of the Town of Oakland. *See* 22 M.R.S.A. § 4507 (1980). The Fair Hearing Authority, in its decision, stated that after

> review[ing] the decision of the Town Manager .... The Board ... voted to uphold the Manager's decision .... A request by the Town Manager to make a home visit to verify the needs was denied. Thus, he was not able to make a proper verification of any need and the Board finds his decision was within the guidelines.

Plaintiff commenced this action to obtain judicial review of the decision of the Fair Hearing Authority. The Superior Court, Kennebec County, denied the appeal, holding that the Town Manager had reasonably concluded that without a home visit plaintiff's need could not be verified, and had acted in accordance with a town ordinance

---

1. Ralph Farnum, Jr. was made an individual defendant in this appeal in his capacity as chairman of the Fair Hearing Authority. We concluded recently in the case of *Rita Beaulieu* *v. City of Lewiston et al.*, Me., 440 A.2d 334, (1982) [Decision No. 2847], that an individual acting in that capacity is not a proper party.

permitting denial of assistance due to lack of verification. The lower court also ruled that "[t]he Fair Hearing Authority was not required to hold a new hearing on all issues .... They needed only to consider whether the Town Manager's decision was correct, based on all the circumstances of the claim before him."

 We do not reach the merits of the plaintiff's appeal since we find that the Fair Hearing Authority erred as a matter of law in failing to provide plaintiff with the *de novo* hearing required by 22 M.R.S.A. § 4507, the statute granting aggrieved general assistance applicants a right to a fair hearing. We also find that the Superior Court also committed error in determining that the Fair Hearing Authority was not required to provide plaintiff with a *de novo* hearing. Section 4507 states

The person requesting the hearing shall be afforded the right to confront and cross-examine any witnesses against him, present witnesses in his own behalf and be represented by counsel or other spokesman, and be advised of these rights in writing. *The decision of such a hearing shall be based solely on evidence adduced at the hearing.* (emphasis added)

The primary role in interpreting statutes is to ascertain the intent of the Legislature and adopt a construction of the statute which is consistent with such intention. *See Concord Mut. Ins. Co. v. Patrons-Oxford Mut. Ins. Co.*, Me., 411 A.2d 1017 (1980). In seeking the legislative intent we turn first to the language which the lawmakers chose to use to carry out their purpose. *In re Spring Valley Development*, Me., 300 A.2d 736, 742 (1973). In enacting this statute, the Legislature could only have intended to create a right to a full evidentiary hearing and to require the Fair Hearing Authority to make an independent determination of the issue originally presented to the town's welfare administrators. In

this case, the Fair Hearing Authority should have decided whether plaintiff was eligible for general assistance at the time of her application. Instead, the record indicates that the Authority reviewed the Town Manager's decision to deny assistance because of inadequate verification of need.

We find further support for our interpretation of section 4507 in the noticeable absence in this section of any language typically associated with a right to appeal a particular grievance. The Legislature has demonstrated its understanding of the distinction between review and a new hearing by enacting other statutory provisions which specifically provide for "appeals" and "review" rather than the type of hearing outlined in section 4507. For example, a fairly detailed statute, 30 M.R.S.A. § 2411, describes the composition, function, and jurisdiction of a municipal "Board of Appeals" which may be vested "with the power to hear any *appeal* by any person." (emphasis added) 30 M.R.S.A. § 2411(4) (1978). By not referring to the section 4507 hearing as an "appeal" or a right to "review", the Legislature clearly expressed its intention to characterize this particular hearing as a de novo proceeding. *Cf. Michaud v. Northern Maine Medical Center*, Me., 436 A.2d 398, 403 (1981) (Wathen and Violette, JJ., dissenting) (where Legislature has demonstrated capacity to temper results of similar provisions, absence of language softening effect of statute is significant); *Wescott v. Allstate Ins. Co.*, Me., 397 A.2d 156, 169 (1979) ("The maxim—expressio unius est exclusio alterius [expression of one thing is the exclusion of another]—is well recognized in Maine as in other states").

The Town of Oakland has enacted an ordinance regulating the fair hearing which states that an applicant has a "right to review" of a decision of the general assistance administrator. Ordinance of the Town of Oakland, "Welfare Policy" VII.[1] How-

1. The ordinance reads in pertinent part:
 All fair hearings will:
 1. be conducted privately and openly to:
 a. the claimant, witnesses, legal counsel, or others whom he wishes to be present, and

 b. the general assistance administrator and his agents, legal counsel, or others selected by the fair hearing authority for their planned participation in the hearing:

ever, the fair hearing procedures listed in the Ordinance of the Town of Oakland, "Welfare Policy" VII D., are similar to those of a *de novo* proceeding and bear little, if any, resemblance to a review process. As mandated by 22 M.R.S.A. § 4507, the municipality has guaranteed the claimant the right to counsel, to present evidence, to question witnesses, and to offer rebuttal. In addition, the ordinance requires that the hearing must be conducted with due process of law, the decision must be based exclusively on evidence or testimony presented at the hearing, and the Authority must issue a written statement of its decision and the facts and reasons supporting it. We find that although the fair hearing ordinance of Oakland provides the assistance applicant with a right to an evidentiary hearing before the Fair Hearing Authority, it contravenes 22 M.R.S.A. § 4507 in that it characterizes the Authority's function as a review of the Administrator's decision.

Since the Fair Hearing Authority failed to determine, independent of the Town Manager's decision, plaintiff's eligibility for general assistance on April 30, we must remand for proceedings consistent with this opinion. The Authority may properly consider whether plaintiff had presented at the fair hearing sufficient evidence to verify her need as of the date of application, but its decision must not simply "rubber stamp" the Town Manager's action. First, the Authority must decide whether, given the character of the arguably ample evidence verifying her need, plaintiff has failed to verify her need as required by welfare ordinance V.(B.). Second, the Authority must determine whether a home visit to search the house for food is a valid method of verification in any instance under the Oakland ordinances, specifically welfare ordinance Sections V.(A.) and V.(B.), before a decision denying plaintiff assistance can be based on her refusal to permit a home visit.[2] Third, the Fair Hearing Authority must decide whether the standards of welfare ordinance V.(B.) for denial of assistance due to plaintiff's refusal to permit a home visit have been met:

> If the applicant or recipient refuses consent and is unwilling to have the administrator seek further *information that is necessary and not available by any other means*, the administrator will have to deny assistance for lack of substantiation that eligibility exists.

(emphasis added). In other words, the Authority must decide whether any unavailable information is actually necessary *and* whether such information could be obtained only by a method to which plaintiff objected.

Our finding that the Fair Hearing Authority and the Superior Court erred as a matter of law in deciding that the fair hearing was merely an appeal from the Town Manager's decision makes it unnecessary for us to consider plaintiff's other as-

2. be opened with a presentation of the issue by the fair hearing authority;
3. be conducted informally, without technical rules of evidence, but subject to the requirements of due process;
4. allow the claimant and the administrator the option to present their positions for themselves or with the aid of others, including legal counsel;
5. give all participants an opportunity;
 a. to present oral or written testimony or documents evidence;
 b. to offer rebuttal,
 c. to question witnesses;
 d. to examine all evidence presented at the hearing,
6. result in a decision, based exclusively on evidence or testimony presented at the hearing;

. . . .

Written notice of the decision will contain the following
1. a statement of the issue;
2. relevant facts brought out at the hearing;
3. pertinent provisions in law or general assistance policy related to the decision;
4. the decision and the reasons for it.
 Copies of the notice of the decision will be provided for the claimant, the hearing record, and the case record maintained by the general assistance administrator.

2. Our disposition of this case renders unnecessary consideration of the constitutionality of the home visit. Additionally, plaintiff's challenge to the request was based solely on the argument that *the ordinance did not permit a home visit in this situation.*

signments of error, namely, that a home visit is not permissible and was uncalled for in this case.

The entry is:

Judgment reversed. Remanded to the Superior Court with instructions to further remand the case to the Fair Hearing Authority for a determination of Veda Carson's eligibility for general assistance as of April 30, 1981.

All concurring.