## Gealy v. Gealy

*Leona Lenczyka,* for plaintiff.
*Samuel Fallk,* for defendant.

WALSH, *J.,* May 2, 1984—This matter is before the court by way of plaintiff's petition for a discontinuance of his divorce action.

Plaintiff filed the present action in divorce on December 15, 1981 basically alleging as grounds, indignities and irretrievable breakdown of the marriage under Section 201 (c) and 201 (d) of the Divorce Code. Defendant filed her answer and counterclaim for alimony on February 18, 1982 and subsequently added demands for counsel fees and costs and an equitable distribution of marital property[1] at the hearing before the master on January 18, 1983. After testimony had been presented at this January 18, 1983 master's hearing[2], plaintiff requested a continuance for the purpose of having his physician examine defendant and evaluate the medical testimony made by defendant's doctor. A new hearing was subsequently set for March 12, 1984 by the master. That same day plaintiff filed his

---

1. The latter was admitted in the answer.
2. Plaintiff did not testify and did not call any witnesses on his behalf at the hearing.

petition and rule to show cause why leave of court should not be granted to discontinue the instant divorce action.

Plaintiff basically seeks this petition on the basis that his current financial problems have created a situation in which he is unable to proceed with his divorce action. He asserts that because of these financial difficulties he cannot pay for witness fees, counsel fees and costs, and all attendant costs necessary for him to properly present and process his claims and defend against said defendant's claim.

Generally, under PA. R.C.P. 229[3], a discontinuance will be granted with leave of court when a plaintiff wishes to stop an action voluntarily prior to the opening of trial. Brown v. Brown 281 Pa. Super 283, 442 A.2d 170 (1980); Quattrone v. Quattrone, 240 Pa. Super 619, 361 A.2d 399 (1976). In divorce actions, permission to discontinue is a matter within the sound discretion of the court and ordinarily plaintiff may discontinue at anytime prior to a decree. Morin v. Morin, 5 D.&C. 3d 139 (1978). When a master in divorce has been appointed and has heard testimony, however, a discontinuance under PA. R.C.P. 229, will not be allowed since these proceedings are considered a trial. Deigan v. Deigan, 210 Pa. Super 240, 232 A.2d 227 (1967). Finally, in determining whether to refuse an application to discontinue a divorce action, the court must determine whether defendant has suffered a "disadvantage" in that he had filed a counterclaim or an answer seeking affirmative relief or whether the public has an interest to the contrary. 5 D. & C. 3d 139.

---

3. PA.R.C.P. 229(a) states as follows: "A discontinuance shall be the exclusive method of voluntary termination of an action in whole or in part by the Plaintiff before the commencement of trial."

After thoroughly reviewing the facts in the case sub judice, we find that plaintiff is not entitled to a discontinuance for two reasons. First, defendant would suffer a disadvantage if plaintiff discontinued this action because both defendant's counterclaim for alimony and her request in her answer for the equitable distribution of marital property would be jeopardized. Secondly, and more importantly, a discontinuance is inappropriate in the present action since the said petition in issue was not brought prior to trial, but rather after the commencement of the master's hearing.

Therefore, in light of the above, we must deny plaintiff's petition for discontinuance of his divorce action.

### ORDER

Now, this May 2, 1984, it is hereby ordered that plaintiff's petition to discontinue this divorce action is denied.